Mary Foster Long and Others, Respondents, *v.* Marion L. Rodgers and Others, Defendants; Charles H. Seymour, Individually and as Executor, etc., of George W. Long, Deceased, Appellant.

*Revocation of the probate of a will— Code of Civil Procedure, § 2653a, relates, after the expiration of one year, to rights in real property.*

A person interested in the estate of a testator must apply for the revocation of the probate of the will within one year after the recording of the decree admitting the will to probate, and if such application is not made within one year, then, as to the personal property of the deceased, the probate concludes all mankind.

Under the provisions of section 2653a of the Code of Civil Procedure the next of kin of a testator cannot maintain an action in the Supreme Court, after the expiration of one year from the probate of a will, to have the invalidity of such probate determined.

*Semble,* that a person interested in the will may bring an action under this section, after the expiration of one year, to determine the title to real estate devised thereby.

APPEAL by the defendant Charles H. Seymour, individually and as executor, etc., of George W. Long, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of April, 1894, granting the plaintiffs' motion for an order restraining and enjoining the defendant Charles H. Seymour, his agents, etc., from the further prosecution of a certain proceeding pending in the Surrogate's Court of New York county for the judicial settlement of his accounts as executor under the will of George W. Long, deceased.

*H. M. Ward,* for the appellant.

*H. H. Whitman,* for the respondents.

BARRETT, J. :

The precise question here is whether, under section 2653a of the Code of Civil Procedure, enacted in 1892 (Chap. 591), the next of kin of a testator can maintain an action in this court, after the expiration of one year from probate of the will, to have the invalidity of such probate determined. The injunction which was granted at Special Term restrained Mr. Seymour, as executor of the deceased Long, from proceeding in the Surrogate's Court with the judicial settlement of his accounts. These accounts had reference solely to the personalty. If, therefore, the probate of the will as a will of personal estate was conclusive upon the plaintiffs after the lapse of one year, the executor was properly accounting when the injunction was granted.

The question then is, did the Legislature, in adding this new section 2653a to the article of the Code entitled "Revocation of Probate," intend to repeal the rest of the article or at least to do away with all existing provisions as to the effect of probate after the lapse of one year? If it did not, then, clearly, the probate here was conclusive. For "a person interested in the estate" must apply for revocation within one year after the recording of the decree admitting the will to probate. (Code Civ. Proc. § 2648.) If such application is not made within one year, then, as to personal property, the probate concludes "all mankind." (*Hoyt* v. *Hoyt,* 112 N. Y. 505.)

As to the legislative intent we think there can be no doubt. It

was to afford relief where relief was needed — namely, with regard to real estate; not to uproot a system of long standing and wholesome operation with regard to personalty. The object was to expedite, not to protract, the settlement of estates. The mischief aimed at was plainly the inability under existing law to quiet titles to real estate. There was no trouble about personalty. As to that, an estate could always be settled within a reasonable time after the expiration of the year. What was wanted was some way of making the probate conclusive as to realty within a reasonable time. And for this the new section provided.

In *Anderson* v. *Anderson* (112 N. Y. 104) it was held that a devisee of the real estate, in possession of the property devised, could not maintain an action to establish the will against the heirs at law. The heirs could choose their own time to bring ejectment, and one by one, at varying epochs, could question the will. It was to remedy this evil, to enable persons interested in sustaining a will as to real estate to gather all possible contestants into one forum, and, in effect, to "conclude all mankind," that the section in question was added. That section, it will be observed, was not enacted as an independent law, but was engrafted upon the Code — following the sections regarding the "revocation of probate." These sections were not repealed in express terms. On the contrary, though before the Legislature, they were suffered to remain. This is apparent from the title of the act, which reads: "An act to amend article second, title three, of chapter eighteen of the Code of Civil Procedure, by adding thereto a new section to be known as section twenty-six hundred and fifty-three a." (Laws of 1892, vol. 1, p. 1136, chap. 591.)

It is clear, therefore, that the intention was in adding this section to embrace it within the existing system, not to substitute it therefor. And there is no inconsistency or irreconcilable repugnacy between the two systems, when the mischief aimed at is advisedly considered. As to personalty, the function of the existing statutes continues and the effect of probate after lapse of a year remains unaltered. This function does not conflict with the function of the new section, which operates upon real estate, and which affords a practical method of making that conclusive which otherwise would remain indefinitely presumptive.

There is nothing in the phraseology of the new section which militates against this construction. It is true that we find these words therein : "It shall be tried by a jury, and the verdict thereon shall be conclusive as to real *or personal property,*" etc. But this does not say that "a person interested in the estate of the decedent" shall not be otherwise concluded. Nor does it limit the effect of his failure to apply for revocation under sections 2647 and 2648 within the year. It may entitle "a person *interested in the will*" — which is the phrase used in the new section to indicate the person who may proceed thereunder — as distinguished from "a person *interested in the estate*" (which is the phrase used in section 2647), to bring the action to validate the will, even during the running of the year. But it certainly does not authorize a person who has omitted to apply for revocation within the year, and as against whom the probate has become conclusive, to inaugurate a fresh contest thereafter.

We think the executor here was properly proceeding with his judicial accounting under the statute when this suit was instituted, and that he should not have been interfered with.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the injunction dissolved, with ten dollars costs.

VAN BRUNT, P. J., concurred.

FOLLETT, J. :

Under section 2653a I think an action can be maintained to set aside or to establish the probate of a will. Otherwise I concur.

Order reversed, with ten dollars costs and disbursements, and injunction dissolved, with ten dollars costs.