EDWARD H. HAWKE, Appellant, *v.* MADISON G. HAWKE and Others, Respondents.

ELIZABETH H. WILSON, Respondent, *v.* MADISON G. HAWKE and Others, Respondents; EDWARD H. HAWKE, Appellant.

*Action to determine the validity of a will — trial by jury — direction of a verdict — proper under Code of Civil Procedure,* § 2653a, *added by chapter* 591 *of* 1892.

Section 2653a of the Code of Civil Procedure, added thereto by chapter 591 of the Laws of 1892, must be read in connection with other sections of the Code, and also in connection with what existing laws have determined a trial by jury to be, and the words "shall be tried by a jury" therein contained do not mean that a jury of twelve men shall determine all the questions involved in an action brought under the provisions of such section to determine the validity of an alleged last will and testament, but it means a trial by a jury pursuant to existing laws.

Upon such trial the court may direct a verdict to be rendered by the jury in the same way as in any action specified in sections 968 and 970 of the Code of Civil Procedure.

MAYHAM, P. J., dissenting.

APPEAL by Edward H. Hawke, the plaintiff in the first above-entitled action, and one of the defendants in the second above-entitled action, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 4th day of May, 1894, upon the verdict of a jury, rendered by direction of the court after a trial at the Saratoga Circuit, adjudging that the last will and testament of Edward H. Hawke, deceased, and the codicil thereto, were in all respects valid.

*John Foley, J. W. Houghton* and *J. S. D'Amoreaux,* for the appellant.

*John L. Henning* and *Charles E. Patterson,* for the respondents.

*Edgar T. Brackett,* for Elizabeth H. Wilson.

*Patterson, Buel, Toucey & Whiting,* for Susie B. Skelding.

HERRICK, J.:

At the close of the evidence, upon the trial of this action, the counsel for the proponents requested "that the court instruct the jury to find a verdict that the will and codicil of Edward H. Hawke in

evidence are his last will and codicil, upon the ground that the record given in evidence establishes the validity of the probate of said will and codicil, and there is not any evidence sufficient to submit to the jury any question as to the due attestation and execution or validity of such will or codicil."

The court granted the môtion. The most serious question involved in this appeal is as to the power of the court in cases of this kind to direct a verdict by the jury.

The action is one brought to determine the validity of the will of Edward H. Hawke, deceased, and is brought under the provisions of section 2653a of the Code of Civil Procedure, added thereto by chapter 591 of the Laws of 1892.

That section provides for the determination of the validity of a will by an action in the Supreme Court and a trial by jury, and, amongst other things, provides as follows :

" The issue of the pleadings in such action shall be confined to the question of whether the writing produced is, or is not, the last will and codicil of the testator, or either. It shall be tried by a jury and the verdict thereon shall be conclusive as to real or personal property, unless a new trial be granted or the judgment thereon be reversed or vacated."

For the purposes of this discussion it is unnecessary to quote any other portion of the section.

It is contended that under this section the court has no power to direct a verdict. That the words " it shall be tried by a jury, and the verdict thereon shall be conclusive," exclude the court from exercising such power; that it makes the jury absolute, except where a new trial is granted, or the judgment entered upon their verdict is reversed or vacated.

I think this is a misconstruction of the law, and comes from a too literal reading of its provisions; such a construction, followed to its legitimate and logical results, would leave the court with no power upon the trial except to preserve order. The section must be read in connection with other sections of the Code, and also in connection with what existing laws have determined a trial by jury to be, for it seems to me that the Legislature intended to do no more than provide a common-law jury trial, to be governed by the same rules that are applicable to all jury trials at common law.

" Shall be tried by a jury " does not mean that a jury of twelve men shall determine all the questions involved, but it means a trial by a jury pursuant to existing laws; that means a jury presided over, advised and directed by a court; the court being the judge of the law, and the jury of the facts.

"The purpose of a jury trial is, that the experience, intelligence and judgment of twelve men may be availed of to settle disputed questions of fact. The duty of the judge presiding at the trial is the same in this class of cases as in others, it is to determine whether a case is presented fit for the deliberation of the jury." (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 65–70.)

And the preliminary question that arises in all cases tried by jury is, whether the evidence is sufficient for the jury to find a verdict thereon in favor of the party producing it; and that question is a question of law for the court.

The verdict that is to be found by the jury is to be arrived at pursuant to existing laws; and in arriving at their decision, the jurors must be governed by the law of the land, and what that law is, must be determined for them by the court.

It cannot be presumed that the Legislature intended anything but a trial by jury according to existing laws governing trials by jury in common-law actions.

The provision in the statute, that the verdict shall be conclusive, is the same as found in section 970 of the Code of Civil Procedure, and is in fact but a statutory enactment of what has long been the law relating to all trials by jury at common law.

The use of these words in the statute it seems to me was intended, not to exclude the court from any of the powers and functions that it exercises in the trial of jury cases, but rather to emphasize the fact that these actions are to be tried in the same manner that other actions are triable, where, under the Constitution, they must be tried by a jury; and to draw the distinction between cases of this kind and cases in equity that are tried by a jury, where the findings of the jury are simply advisory to the court, to be followed or disregarded as to the court seems best, and which are conclusive upon no one.

They are also undoubtedly used to distinguish the decision arrived at upon such a trial from the decision of the surrogate upon the pro-

bate of a will, which is not conclusive, the probate of a will by a surrogate being revokable upon the petition of a party interested at any time within a year after such probate, and as to real estate, the probate of a will being only presumptive evidence of the matters determined by the surrogate, any party interested having the right to raise the question of the validity of the will in a subsequent action tried before a jury where real estate is involved, notwithstanding such probate.

For these reasons I think that in an action brought under section 2653a of the Code of Civil Procedure, the court may, in a proper case, direct a verdict the same as in an action on a promissory note, or any other action specified in sections 968 and 970 of the Code of Civil Procedure.

Upon the question as to whether there was sufficient evidence produced to warrant the jury in finding a verdict thereon adverse to the validity of the will, a somewhat careful consideration of such evidence satisfies me that the trial court was right in its determination, and I see no occasion for attempting to add anything to the very careful review of the evidence made by such court in directing a verdict.

For these reasons the judgment must be affirmed, with costs.

PUTNAM, J., concurred.

MAYHAM, P. J. (dissenting):

Two grounds of error are urged on this appeal for which it is claimed by the appellant that this judgment should be reversed :

*First.* That the court erred in taking the case from the consideration of the jury and directing a verdict.

*Second.* That the trial judge erred in excluding certain evidence offered by the appellant on the trial.

Edward H. Hawke died in the city of New York at the residence of his daughter, Elizabeth H. Wilson, leaving him surviving his children, Edward H. Hawke, Jr., aged about thirty-five years, Bessie Wilson, aged about thirty-two years, Alice Hawke, aged about twenty-five, and Madison Genn Hawke, aged about twenty-three years, being all of the children of the deceased, who was at the time of his death a widower.

He left an estate consisting of real and personal property valued

at about the sum of $225,000. The testator left two instruments in writing purporting to be a will and codicil, the former dated January 15, 1892, and the latter dated January 16, 1892. In and by the will he bequeathed to his son Edward H. Hawke $5,000, to be paid to him by the executor, with a condition that, if he disputed the will or validity of the same, such legacy should not be paid to him, but the same in that event should be paid to Elizabeth H. Wilson, daughter of deceased.

To the respondent Susan Bristo Skelding the testator by this will gave a legacy of $10,000, and all the rest of his property was by specific demonstrative and general devises and bequests under this will left to the three children of the testator, Genn, Bessie and Alice.

The respondents Alice Hawke and Madison G. Hawke were named as executors, and by the codicil he appointed Bessie Wilson as executrix to act as such only in the event of the death of one of the first-named executors, and without being required to give a bond. The will and codicil were presented to the surrogate of Saratoga county for probate, and on the return day of the citation thereof the appellant Edward H. Hawke, Jr., appeared and filed objections. After the examination of the subscribing witnesses the contestant withdrew his objections and the will and codicil were admitted to probate.

Immediately thereafter the two actions in which this appeal has been taken were commenced. Issue being duly joined in such actions under the provisions of section 2653a of the Code of Civil Procedure, added in 1892, the cases came on for trial at a Circuit Court held in Saratoga county on the 15th day of April, 1894, before a justice of this court and a jury; a verdict against the plaintiff in the first-named action, and in favor of the plaintiff in the second above-entitled action, was directed by the trial judge, upon which judgments were entered, and from which the appellant appeals to this court.

The provisions of section 2653a furnish a method of reviewing the probate of a will which did not exist prior to the amendment of the Code of Civil Procedure in 1892.

By the terms of that added section the questions to be heard and considered are specifically defined as follows:

" The issue of the pleadings in such action shall be confined to the question of whether the writing produced is, or is not, the *last will* and codicil of the testator, or either. It shall be tried by a jury, and the verdict thereon shall be conclusive as to real or personal property, unless a new trial be granted, or the judgment thereon be reversed or vacated."

Before the enactment of this provision of the statute there were three methods of reviewing the probate of a will; one by the presentation of a petition by any person interested in the estate of the deceased, within one year after the decree admitting the same to probate, containing allegations against the validity of the will and praying for a revocation of the probate (Code Civ. Proc. §§ 2647, 2648); another by an appeal to the General Term of the Supreme Court from a decree admitting a will to probate (Code, § 2570), and " if the appeal was taken from a decree made upon a petition to admit a will to probate, or to revoke the probate of a will (this court may) make an order directing the trial by jury of the material questions of fact arising upon the issues between the parties." Section 2588 of the Code, while it directs that the issues of fact must be tried by a jury, does not provide, as is provided by section 2653a, that the verdict shall be conclusive; yet in *The Matter of Booth* (13 N. Y. St. Repr. 349), which arose under section 2588, DANIELS, J., in discussing the provisions of that section, says : " The statute has required that the contested facts in the case, where the decree of the surrogate has been set aside in this manner, shall be tried by a jury. By that requirement an effectual trial has been intended. And where for any reason the verdict of a jury is to be set aside, the cases must be submitted to another jury for the hearing and decision of the issues. They are the tribunal selected by the statute for this purpose."

A will of real estate may also be attacked when the title comes in question, although the will may have been admitted to probate in Surrogate's Court. The provisions of section 2653a furnish a new and distinct method of either attacking a will and the probate of the same, or of confirming the validity of a will, as well of real as of personal estate, or the probate thereof, which is quite unlike either of the original methods of review above referred to.

We are, therefore, compelled to construe this statute largely upon

the language of the section itself. The language of this statute, as we have seen from the above quotation, is peculiar, and gives the verdict of a jury in such a case a conclusiveness and effect which does not follow from a verdict in any other case to which our attention has been directed, and while, ordinarily, in a common-law action, questions of fact must be tried by a jury, and their verdict upon disputed questions of fact will not be interfered with on appeal, yet in cases where the verdict is so manifestly against the weight of evidence as to show, on the part of the jury, passion, prejudice or gross misapprehension, amounting to evidence of fraud, the court may and ought to set it aside for that reason.

But in that class of cases there is no mandate of the statute that the verdict shall be conclusive.

The statute under consideration in this case sharply defines the issue, by whom it shall be tried, and what effect is to be given to the verdict. The question to be heard is, "Whether the writing produced is, or is not, the last will and codicil of the testator, or either." *That question "shall be heard by a jury," and the verdict thereon shall be conclusive* as to the real and personal property. We are referred to a line of cases by the learned counsel for the respondents which hold that it is the duty of the trial judge to direct a verdict for the defendant in cases where the court would be required to set aside the verdict for the plaintiff for want of evidence to uphold it, or when there is such an overwhelming preponderance of evidence against the plaintiff's theory as to evince fraud, passion or prejudice on the part of the jury. The soundness of the doctrine of those cases cannot be gainsaid, or their authority questioned.

But it by no means follows, as a corollary from these cases, that the legislature has not, by the enactment of this added section, taken this class of cases out of the operation of the rule above referred to. As bearing upon that question the learned counsel for the respondents propounds the very pertinent inquiry:

"Supposing the contestant had offered no evidence whatever, could it reasonably be contended, then, that the court had no power to direct a verdict?"

While this question sharply presents the argument of the learned counsel, it is not necessary that it should be answered in this case,

because the contestant did in fact produce a mass of testimony, some of which amounted to evidence bearing upon the *factum* of this will, and was competent to be considered by the jury, as it was considered by the court, upon the question of mental soundness of the testator, and also the question of undue influence.

These questions were both raised by the issue in the case, and, as the proponents' side of the issue was *prima facie* established by probate of the will before the surrogate, under the statute, the burden rested with the contestant to overcome such *prima facie* case by evidence.

Within well-settled rules of law the contestant is entitled to every legitimate inference deducible from the evidence offered by him before he can be nonsuited or a verdict can be directed against him.

The contestant is, therefore, entitled upon this appeal to the benefit of all the facts which his evidence tends to establish. ( *Wylie* v. *Marine Nat. Bank*, 61 N. Y. 415–417.)

" If this resultant fact to be found from all the evidence in the case, uncontradicted though that evidence may be, were of so doubtful a nature that different and equally intelligent and unbiased men might fairly differ in opinion as to its character, then the jury, under proper instructions from the court, should examine the evidence and find the fact which is properly to be inferred therefrom." (*Salt Springs Nat. Bank* v. *Geo. B. Sloan*, 135 N. Y. 371–383.)

In *Hastings* v. *Brooklyn Life Ins. Co.* (138 N. Y. 479) O'BRIEN, J., in discussing the propriety of submitting disputed questions of fact to a jury, uses this language : " However improbable the testimony of a witness may appear, who testifies to a fact not in itself impossible, in the ordinary course of events, the credibility, force and effect of such testimony is for the jury."

In *Hart* v. *Hudson River Bridge Co.* (80 N. Y. 622) it was held, that where, from the circumstances shown from the evidence, inferences are to be drawn which are not certain and incontrovertible, and as to which persons might differ, it is for the jury to decide.

In *Powell* v. *Powell* (71 N. Y. 73) the court says : " It is the province of the jury not only to pass upon conflicting evidence, but,

when different inferences may be drawn from evidence or the conduct of parties, to draw the inferences."

I shall not undertake to repeat here the mass of evidence offered by the contestant in this action, which was received by the court at the trial, from which it is claimed by him that inferences might be legitimately drawn that the testator's mind was impaired, and also that he was the subject of undue influence.

The evidence from which it is claimed that the testator's intellect was impaired consisted mainly of changes noticed and sworn to by witnesses, in his conduct, his occasional fits of anger, shown in the management of his farm and stock, and other acts of emotional conduct related by the witnesses, upon which was predicated the hypothetical question propounded to the experts, from which they formed and expressed their opinions that he was of unsound mind, to which may also be added the testimony of his failing physical health. All these, and others to which I need not advert, furnished, as we think, some evidence which, within the rules established in the well-settled law of evidence, and within the decisions from which we have quoted shows that questions arose upon which the jury might, under proper instructions from the court, properly have passed, under the ordinary rules governing trials by a jury.

So, also, upon the other question as to whether or not this will was his free and voluntary act, or the product of undue influence.

Upon that branch of the case the contestant urges that the high regard which the testator always manifested for the character of the contestant, not only for his character, but the just pride which he entertained and expressed for his intellectual ability, up to about the time he went to Europe with the proponents and beneficiaries under this will, raised a question of fact.

This evidence is supplemented by evidence of estrangement on the part of the brother and sister towards the contestant, at the same time that they enjoyed relations with the testator, both while making the tour of Europe and after their return to New York, while the contestant was virtually deprived of familiar intercourse with, if not of access to, the testator ; and all of this, followed by the practical disinheritance of the contestant, and the imposition of conditions upon his right to the enjoyment of the pittance bequeathed to him, furnishes some evidence at least upon which different minds

might honestly reach different conclusions as to the question of undue influence, which within the authorities made it a proper question for the jury, even if we concede it only in the light of the rules of law established for the ordinary trial of questions of fact.

But when we consider that this case was tried under the provisions of this special statute, which makes the verdict of the jury conclusive, and makes the trial by the jury imperative, we are clearly of the opinion that the very able and experienced judge who tried this case fell into error in taking this case from the jury and directing a verdict. Tested by the ordinary rules governing cases triable by a jury, we think there was sufficient evidence not only to justify a submission to them, but to call for such submission.

But when we consider the imperative nature of the special statute under which this action is brought, to take the case from the jury is little less than a judicial repeal of the provisions of that statute.

From the view we have taken of this case, an examination of the exceptions taken to the rulings of the trial judge upon the question of the admission and rejection of evidence is unnecessary.

We think there must be a new trial of this action, costs to abide the event.

Judgment affirmed, with costs.