LYDIA KATZ, Appellant, *v.* CELIA SCHNAIER, Individually and as Executrix, etc., of JENNETTE GERSTLE, Deceased, Respondent, Impleaded with Others.

*Probate of will of personal property — within what time it may be set aside — electing to take under a will — power of the court to direct a verdict in an action under the Code of Civil Procedure,* § 2653a.

Where no real estate passes under a will an action to vacate the probate thereof must be begun within one year after the probate.

An action cannot be maintained to set aside the probate of a will by a plaintiff who has elected to take under the provisions thereof.

In an action brought under the provisions of section 2653a of the Code of Civil Procedure the court has power to direct a verdict. The intention of the Legislature in the enactment of said section was not that the questions sought to be

raised in such an action should be submitted to and determined by the jury, without regard to whether the evidence was sufficient to raise a question of fact or not, but that the trial of such an action should be conducted pursuant to existing laws and the rules regulating trials by jury.

*Hawke* v. *Hawke* (82 Hun, 439), followed.

APPEAL by the plaintiff, Lydia Katz, from a judgment of the Supreme Court in favor of the defendant, Celia Schnaier, individually and as executrix, etc., of Jennette Gerstle, deceased, entered in the office of the clerk of the county of New York on the 21st day of December, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit.

June 30, 1890, Jennette Gerstle executed her last will and testament, by which she directed her executrix to pay to Lydia Katz, during life, the income on $9,000, and, on her death, to divide said $9,000 among her children. The executrix was also directed to pay to Rebecca Sanger, during life, the income on $9,000, and, on her death, to divide said $9,000 among her children. She also bequeathed $3,000 to be divided equally among the daughters of her son Robert. At the death of the testatrix Robert had three daughters, Sadie, Norma and Rubie, all minors. The testatrix gave the remainder of her estate to Celia Schnaier, Robert Gerstle and Ralph Gerstle, to be divided equally among them.

January 2, 1891, the testatrix died, leaving her surviving two sons, Robert Gerstle and Ralph Gerstle, and three daughters, Celia Schnaier, Rebecca Sanger and Lydia Katz, her only heirs and next of kin. These children are the legatees mentioned in the will. Shortly after the death of the testatrix, and before her will was probated, her son Ralph Gerstle died, leaving a will, which was duly probated, by which he gave his estate to his surviving brother, Robert, and sisters, Lydia, Rebecca and Celia, to be divided among them. In January, 1892, a petition asking for the probate of the will was duly filed, and citations thereon were issued to and duly served on the four surviving children, Ralph having died, and the three daughters of Robert. Upon the return of the citation Rebecca Sanger appeared and filed an answer alleging that the will was not the voluntary act of the testatrix; that she was of unsound mind, and that it was not executed in conformity with the statute of this State relating to wills. April 23, 1892, the four surviving children

entered into a compromise agreement, executed under their hands and seals, in which the execution of the will, the death of the testatrix and the proceeding taken to probate the will were recited, and the agreement concluded as follows:

"Now, THIS AGREEMENT WITNESSETH, That in consideration of one dollar and other good and valuable consideration in hand paid by the parties of the first part to the party of the second part, the receipt whereof is hereby acknowledged, the party of the second part agrees to take all necessary steps to discontinue and withdraw any and all proceedings, answers and objections by her made or made in her behalf by Hastings & Gleason, attorneys at law, in the Surrogate's Court for the city and county of New York; and the party of the second part further agrees to waive, bar and estop herself and her assigns from ever making any objections or answers to said last will and testament questioning the validity of said will for any cause whatever; and

"It is further agreed between the parties hereto that the executors proceed to probate the last will and testament of Jennette Gerstle without further notice."

May 24, 1892, the will was admitted to probate, and letters testamentary issued to Celia Schnaier, who qualified and entered on the discharge of her duties. Robert Gerstle, who was nominated as the executor in said will, renounced. The testatrix left a personal estate amounting to about $39,000, but left no realty.

The plaintiff has received from the executrix, on account of income on said $9,000, the following sums: May 26, 1892, $750; January 24, 1893, $127.84; July 24, 1893, $201.33. She has also received towards her share of the interest of her deceased brother Ralph in the testatrix' estate $1,812.39.

This action to annul the probate of the will, pursuant to section 2653a of the Code of Civil Procedure, was begun September 23, 1893.

*George S. Hastings,* for the appellant.

*Milton Mayer,* for the respondent.

FOLLETT, J.:

No real estate passing under this will, and this action to vacate the probate having been begun more than one year after it was

proved, the action cannot be maintained. (*Long* v. *Rodgers*, 79 Hun, 441.) Again, the plaintiff having elected to take under the will, cannot maintain this action to set it aside. (*Caulfield* v. *Sullivan*, 85 N. Y. 153 ; *Lee* v. *Tower*, 124 id. 370 ; 1 Jarman on Wills, [6th Am. ed.] *415.) Every objection raised to the will in this action was raised by the plaintiff's sister in the Surrogate's Court, and the plaintiff consented in writing that the will should be proved, and has received the income upon the $9,000 since it was proved, with full knowledge of the facts and circumstances attending its execution, and of her mother's condition when it was executed.

Apart from these legal defenses the plaintiff failed to establish a cause of action on the merits, or to present a question of fact for the jury. The will on its face appears to be wise and equitable in every respect. The testatrix had an estate amounting to $39,000. She directed that the income of $9,000 be paid to each of two married daughters during their lives, and the remainder to their children. Had the estate been divided equally among the five children, each would have received but $7,800. The reason why the legacies to the two daughters were tied up during their lives is fully explained by the evidence. They had, as it appears, improvident husbands. The evidence is entirely insufficient to justify an inference that the testatrix was incapable of making a will, or that she was unduly influenced, and it was proved to have been executed strictly in conformity with the statute. It is urged on the part of the plaintiff that in an action brought under section 2653a of the Code of Civil Procedure the court has no power to direct a verdict. This question has been determined adversely to the plaintiff's contention in *Hawke* v. *Hawke* (82 Hun, 439). We think it was well held in the case cited that the intention of the Legislature was not that the questions sought to be raised in such an action should be submitted to and determined by the jury without regard to whether the evidence was sufficient to raise a question of fact, but that it was intended that the trial should be conducted pursuant to existing laws and rules regulating trials by jury.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.