[S. F. No. 11257. In Bank.—December 8, 1924.]

In the Matter of the Estate of DAVID JENNINGS BAIRD, Deceased. DAVID JENNINGS BAIRD, Petitioner, v. VERONICA C. BAIRD et al., Respondents.

[1] APPEAL—ESTATE OF DECEASED PERSON—PARTIAL DISTRIBUTION.— In a proceeding for partial distribution of the estate of a deceased person, where a jury trial has been had and a decree of partial distribution reversed on appeal, the trial court ordered to set aside the special verdicts and findings in favor of the petitioner and to enter judgment denying the petition, and the trial court entered judgment accordingly, an order granting a new trial thereafter made is appealable.

[2] JURY TRIAL—CONSTITUTIONAL LAW.—The constitutional guarantee of a jury trial is fully observed when the verdict of a jury in the case is rendered and recorded, and it cannot be maintained that when a verdict is set aside by the mandate of the appellate court and a judgment ordered to be entered for the other party on the ground of the insufficiency of the evidence there has been no trial by jury, on the theory there is no verdict rendered and recorded upon which the judgment can rest.

[3] APPEAL—ORDER GRANTING A NEW TRIAL—TRIAL BY JURY.—What is meant by section 963 of the Code of Civil Procedure, allowing an appeal from an order granting a new trial in an action or proceeding tried by jury where such jury trial is a matter of right, is that there cannot be an appeal from an order granting a new trial unless there has been a trial by jury

1. See 2 Cal. Jur. 173.
2. See 15 Cal. Jur. 323; 16 R. C. L. 192.
3. See 2 Cal. Jur. 173.

as distinguished from a trial by the court without a jury or in an equity proceeding. The language of the section is merely descriptive, and does not mean that an appeal from an order granting a new trial where there has been a trial by jury as a matter of right in which a verdict is rendered, findings made and judgment entered in favor of the plaintiff followed by the setting aside of such verdict and findings, the reversal of the judgment, the entry by direction of the appellate court of a judgment in favor of the defendant and the granting of a new trial in favor of plaintiff, is any the less an appeal based on the verdict of the jury.

[4] ID.—REVERSAL OF JUDGMENT—ENTERING NEW JUDGMENT—ORDER FOR NEW TRIAL.—The direction in such a case to the trial court in reversing the judgment to set aside the verdicts and findings and enter judgment for respondents, the compliance with said directions by the trial court and the subsequent order granting a new trial, all have a direct connection with and are related to the verdicts of the jury, for although the successive steps taken after the rendition of the verdicts represent in a sense independent proceedings, notwithstanding, each of them depends upon and rests on such verdicts.

[5] ID.—DIRECTED VERDICT.—The contention that even in a case where the verdict was directed by the trial court no appeal could be taken from an order granting a new trial cannot be maintained.

[6] ID.—SETTING ASIDE SPECIAL VERDICTS AND FINDINGS—ORDERING JUDGMENT FOR RESPONDENTS—POWER OF SUPREME COURT.—In a proceeding for partial distribution of the estate of a deceased person in which a motion for nonsuit and a motion for a directed verdict were denied, the supreme court has authority in reversing a decree of partial distribution and ordering the trial court to set aside special verdicts and findings in favor of the petitioner, to direct the entry of judgment for the respondents.

---

(1) 3 C. J., p. 507, sec. 337. (2) 35 C. J., p. 242, sec. 171. (3) 3 C. J., p. 507, sec. 337. (4) 3 C. J., p. 507, sec. 337. (5) 3 C. J., p. 507, sec. 337. (6) 4 C. J., p. 1190, sec. 3227.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco granting a new trial. T. I. Fitzpatrick, Judge. Motion denied.

The facts are stated in the opinion of the court.

C. M. Fickert, E. A. Cunha, R. P. Henshall and Robert R. Moody for Petitioner.

K. C. Partridge for Respondents.

LAWLOR, J.—This is a motion to dismiss an appeal taken by the above-named respondents from an order of the superior court of the city and county of San Francisco, department 8 thereof, Honorable T. I. Fitzpatrick, Judge presiding, granting a motion for a new trial interposed on behalf of petitioner, following the reversal by this court of a judgment based upon a petition for partial distribution in the above-entitled estate (193 Cal. 225 [223 Pac. 974]). The said judgment awarded to petitioner the estate of decedent upon the ground that he adopted petitioner within the meaning of section 230 of the Civil Code and in reversing the judgment this court directed the lower court to set aside the special verdicts of the jury, the findings of the court, and the judgment therein; and to enter judgment for respondents denying the petition for partial distribution upon the ground that petitioner is not the adopted son or heir of decedent.

It appears that petitioner, a minor, through Lydia M. Valencia, his mother, petitioned the said superior court for an order of partial distribution in the above-entitled estate upon the ground petitioner was the adopted son and heir of the decedent as aforesaid and that decedent left a last will in which he made no provision for petitioner. Issue was joined and the case was tried by the court, sitting without a jury. The court found in favor of respondents upon the ground that the evidence did not establish an adoption and judgment was accordingly entered. An appeal was taken by petitioner from the judgment which judgment was reversed upon the ground the trial court erred in denying petitioner's demand for a jury trial. (*Estate of Baird*, 173 Cal. 617 [160 Pac. 1078].) The case was then tried by jury, four special verdicts covering the four elements of adoption were rendered in petitioner's favor, upon which verdicts and the findings of the court judgment was entered awarding him the estate left by decedent. Respondents appealed from the judgment, which was reversed upon the ground that the evidence was not sufficient to establish an

adoption. (*Estate of Baird*, 182 Cal. 338 [188 Pac. 43].)
The case was again tried by jury and similar verdicts and
judgment were respectively rendered and entered. (193 Cal.
225 [223 Pac. 974].) In due course respondents appealed
from the said judgment which, as already indicated, was
reversed. The judgment of reversal and the directions to
the trial court were in these terms:

"It is ordered, adjudged and decreed by the Court that
the Decree of Partial Distribution of the Superior Court in
and for the City and County of San Francisco in the above
entitled cause be and the same is hereby reversed and the
trial court is ordered and directed to set aside the special
verdicts and findings and to enter judgment for appellants
denying the petition for partial distribution upon the ground
that respondent is not the adopted son or heir of the de-
ceased."

Upon the going down of the *remittitur* judgment was
accordingly entered in favor of respondents, whereupon peti-
tioner interposed a motion for a new trial, which was
granted, the order being as follows:

"In the above entitled action it appearing from the record
that the petitioner, David Jennings Baird, a minor, . . . has
heretofore served and filed two notices of intention to move
for a new trial herein . . . and the court being fully ad-
vised in the premises, it is now here ordered that said motions
for a new trial be . . . hereby granted upon all the grounds
specified . . . except upon the grounds specified in sub-
divisions 1, 2, 3, and 5 of section 657, C. C. P. and in this
regard the court in accordance with said section 657, C. C. P.
doth further grant said motion for a new trial in addition
upon the ground of the insufficiency of the evidence to
justify and sustain the verdict and the decision, and in this
regard the court doth specify that in its opinion and decision
herein certain testimony of certain of the witnesses who
testified on behalf of the respondents to the petition herein
is not true and that said testimony is not believed by the
court to be credible and true and therefore that the decision
herein is not sustained by the evidence."

While the said motion for a new trial was pending an
application was made by respondents to this court for a writ
of prohibition to restrain the said superior court and the
said judge thereof from entertaining the said motion for a

new trial. The application was denied. After the order for
a new trial was granted another application for prohibition
was made by respondents to prevent the said superior court
and the said judge thereof from proceeding with the trial of
the case. This application was also denied.

As we have said, an appeal was later taken by respondents
from the said order granting the new trial and the pending
motion to dismiss the appeal was then interposed.

The motion to dismiss the appeal is made on the following
grounds:

"1. That said order granting a new trial is not an appeal-
able order. 2. That said order granting a new trial is not
an appealable order for the reason that the judgment ren-
dered and entered, and which was vacated by said order
granting a new trial, was not, in fact, entered after the
cause had been tried before a jury but was entered by the
court without any hearing or trial before a jury. 3. The
only instance in which an order granting a new trial is
appealable is the instance specified in Section 963, C. C. P.
where the cause has been tried before a jury and judgment
entered in favor of a party upon the verdict in his favor
which judgment and verdict has been set aside upon the
application of the adverse or losing party. 4. That the
proper construction to be given to said code section is, that
it applies only (a) To those instances in which the verdict
in favor of a party has been set aside at the instance of an
adverse party; and (b) Not to a case where the verdict
having been rendered in favor of a party the judgment there-
upon has been set aside and another judgment entered in
favor of the losing party without the intervention of a jury,
and without any trial before a jury prior to the entry of
such latter judgment which was rendered by the court; and
(c) The judgment set aside by the order granting a new
trial, which order it is now sought to appeal from, cannot
be based upon the verdict of the jury because it is directly
contrary to the only verdict which had ever been rendered
by the jury in this action."

In support of said motion to dismiss, the affidavit of R. P.
Henshall, one of the attorneys for the petitioner, was filed,
stating that on April 22, 1924, the said superior court made
and entered the following final judgment:

"Order Setting Aside Special Verdicts and Findings and Denying Petition for Partial Distribution. It appearing to the court that on the 27th day of April, 1914, David Jennings Baird, a minor, by his guardian, Lydia M. Valencia, filed herein his amended petition for partial distribution of the above entitled estate . . . and that thereafter this amended petition came on for hearing before this court and a jury, and that on the 17th day of October, 1921, said jury returned its verdict in favor of said David Baird, a minor, on the special issues submitted by the Court to said jury . . . and the Court thereupon approved and accepted and adopted the said verdicts and made and caused to be entered its findings of fact and conclusions of law . . . that on the 19th day of December, 1921, this court made and entered its decree of distribution distributing to the said David Jennings Baird, a minor, all of the property of the estate of the above-named deceased . . . and it further appearing that an appeal was taken to the Supreme Court . . . judgment denying the said petition for partial distribution upon the ground that said David Jennings Baird, a minor, is not the adopted son or heir of the said deceased . . . and . . . a *remittitur* from said Supreme Court is on file . . . in the words and figures following: ' . . . It is ordered, adjudged and decreed by the Court that the Decree of Partial Distribution of the Superior Court . . . be and the same is hereby reversed and the trial court is ordered and directed to set aside the special verdicts and findings and to enter judgment for appellants . . . ' now, therefore, pursuant to said *remittitur*, and not otherwise, and without any trial or hearing, or evidence taken and against the protest, objection and exception of the aforesaid David Jennings Baird, a minor . . . special verdicts and findings . . . are hereby vacated, annulled and set aside and the said petition for partial distribution . . . is hereby denied."

The affidavit of R. P. Henshall avers that the motion for a new trial came on duly and regularly for hearing before the said superior court; that affidavits and counter-affidavits upon the question of newly discovered evidence were offered and received in evidence; that the entire phonographic report of the previous trial together with all the exhibits introduced in evidence in the form of original testimony showing the exact proceedings at the trial, all of which had

not been reduced in any form and did not appear in the bill of exceptions which was before the supreme court when the judgment was reversed; and that in accordance with the provisions of section 660 of the Code of Civil Procedure reference to the recollection of the judge was made and other evidence was received in support of petitioner's motion for a new trial.

[1] Petitioner, in making the motion to dismiss the appeal from the order granting the new trial, contends that subdivision 2 of section 963 of the Code of Civil Procedure, that an appeal may be taken "from an order granting a new trial or denying a motion for judgment notwithstanding the verdict, in an action or proceeding tried by a jury where such trial by jury is a matter of right," means that there must have been an actual trial before a jury with a verdict upon which the judgment rests, and that in this case the judgment which was entered by the direction of the supreme court and set aside by the order granting a new trial did not rest upon any verdict of a jury or upon any finding of the court, but was entered pursuant to the mandate or *remittitur* of the supreme court. It is, therefore, urged that as there was no jury trial, and as section 963 contemplates that it is only when there has been a verdict upon which the judgment rests that an order granting a new trial is appealable, the appeal from the order granting a new trial does not fall within the exception and must be dismissed. The contention that the order is not appealable is based upon the argument (1) that because the judgment recites the *remittitur* of the supreme court as its only basis—"pursuant to said *remittitur* and not otherwise"—that judgment was ordered, and because it recited that it was entered "without any trial or hearing or evidence taken and against the protest, objection and exception of the aforesaid David Jennings Baird," there has been no trial; and (2) that the judgment does not rest upon any verdict of any jury at any time because the only verdicts rendered were vacated, annulled, and set aside by the terms of the judgment itself; and (3) that the mandate of the supreme court to enter judgment denying the petition for partial distribution is void because the verdicts and findings having been set aside there is nothing upon which to enter the judgment except the evi-

195 Cal.—5

dence; and that an appellate court has no constitutional authority to direct judgment upon the evidence.

The affidavit of Karl C. Partridge, attorney for respondents, was filed, setting forth the history of the proceedings in the above-entitled estate. It appears that on the trial when petitioner rested a motion for nonsuit was interposed and denied, and that at the close of the evidence the respondents moved the court for a directed verdict, which motion was denied, and that in reversing the order of partial distribution this court held that both motions should have been granted (193 Cal. 225 [223 Pac. 974]). It further appears from said affidavit that on March 7, 1924, petitioner filed his petition in the supreme court for an order modifying and striking out the last portion of said decision and for a rehearing of said cause; that on March 17, 1924, this court made and entered an order denying said petition for rehearing, and that on March 20, 1924, the *remittitur* of this court was filed in said superior court following its judgment of reversal. as aforesaid.

Respondents contend that the proceeding in which the new trial was granted has been tried by a jury; that a trial by jury was a matter of right, and that ''what the Supreme Court in effect did by its judgment was to order the judgment which should have been entered by the trial court on a directed verdict. Therefore, the effect of the order granting the new trial is to set aside the directed verdict and the judgment based thereon. Counsel insist that the judgment set aside was one which was not based on any verdict, but merely on a mandate of the Supreme Court, and without any hearing or trial, and much is made of the recitals in the judgment entered by the trial court to the effect that it is made pursuant to the *remittitur* and not otherwise. The position of counsel in this regard is, to say the least, inconsistent, for if there has been no trial or hearing, or evidence taken, as recited in the trial court's judgment, it is difficult to understand on what theory a new trial could be granted.'' After citing *Hawke* v. *Hawke et al.*, 82 Hun, 439 [31 N. Y. Supp. 968], and *Katz* v. *Schnaier et al.*, 87 Hun, 343 [34 N. Y. Supp. 315], and quoting therefrom, respondents contend that ''applying the same reason to this case, it would seem that the proper construction to be placed on Section 963, C. C. P. is that what is meant by an action

or proceeding tried by a jury is a trial by jury under the
direction of the court subject to existing laws, one of which
is that the trial court has the power in such a case as this
to direct a verdict, and, although the verdict is rendered
under the direction of the court, it is, nevertheless, a pro-
ceeding tried by a jury.''

The petitioner, on the other hand, argues that ''it is per-
fectly manifest from the statute that what is meant by a
trial by jury is that instance in which a verdict having been
rendered in favor of a party and judgment entered there-
upon in his favor and the court below, at the instance of the
other party, sets aside that judgment and verdict and grants
a new trial, that the right of appeal exists in favor of the
person *in whose favor the verdict was rendered.* This is so
because the right to trial by jury is highly favored in law;
and it is to protect a party who has obtained a verdict
against losing the fruits of a jury's decision that the right
of appeal in that instance is granted him from the order
setting aside the verdict and granting a new trial.'' This
language indicates that petitioner regards the ''verdict'' of
a jury as the essential element of a trial by jury. [2] As
a matter of fact, the constitutional guarantee of a jury trial
is fully observed when the verdict of the jury in the case
is rendered and recorded (*Estate of Bainbridge,* 169 Cal. 166
[146 Pac. 427]; see, also, *Ingraham* v. *Weidler,* 139 Cal. 588
[73 Pac. 415]), and, therefore, it cannot be maintained that
when a verdict, as in this case, is set aside by the mandate
of the appellate court and a judgment ordered to be entered
for the other party on the ground of the insufficiency of the
evidence, there has been no trial by jury on the theory there
is no verdict rendered and recorded upon which the judg-
ment can rest. Petitioner's affidavit shows that there was
a trial by jury, that special verdicts were rendered and
recorded and adopted by the court, that findings were made,
and that upon such verdicts and findings judgment was
entered granting the petition for partial distribution. If
this is not an ''action or proceeding tried by jury'' then it
does not occur to us what it could be. The circumstance
that an appeal was taken from the judgment so entered and
that the appellate court ordered the special verdicts and find-
ings set aside and judgment to be entered denying the peti-
tion for partial distribution upon the ground that the

evidence was not sufficient to show that petitioner was the adopted son or heir of the deceased does not reduce the proceeding to one in which there has been no trial by jury. We think it clear that the motion to dismiss the appeal must be denied. To give to the provision "tried by jury" in section 963 of the Code of Civil Procedure the interpretation contended for by petitioner would have the effect of giving a narrow and restricted meaning to the language of the section—"An appeal may be taken . . . from an order granting a new trial . . . in an action or proceeding tried by jury where such trial by jury is a matter of right." [3] What is meant by section 963 of the Code of Civil Procedure is that there cannot be an appeal from an order granting a new trial unless there has been a trial by jury as distinguished from a trial by the court without a jury or in an equity proceeding. The language of the section is merely descriptive and does not mean that an appeal from an order granting a new trial where there has been a trial by jury as matter of right in which a verdict is rendered, findings made, and judgment entered in favor of the plaintiff followed by the setting aside of such verdict and findings, the reversal of the judgment, the entry by direction of the appellate court of a judgment in favor of the defendant and the granting of a new trial in favor of plaintiff as aforesaid is any the less an appeal based on the verdict of a jury. There would seem, therefore, to be merit in respondents' point that such a new trial could not have been granted to petitioner herein on any theory save that there had been a trial by jury, for concededly such trial by jury was the basis of petitioner's motion for a new trial. It seems to us clear that this appeal rests as much upon the verdicts of the jury as does petitioner's motion for a new trial. [4] The direction to the trial court in reversing the judgment to set aside the verdicts and findings and enter judgment for respondents, the compliance with said directions by the trial court, and the subsequent order granting a new trial all have a direct connection with and are related to the verdicts of the jury, for although the successive steps taken after the rendition of the verdicts represent in a sense independent proceedings, nevertheless, each of them depends upon and rests on such verdicts. Hence, if petitioner's motion for a new trial is related to and rests upon the verdicts of the jury,

we are unable to understand why the order granting such motion is not to be traced to the same source. It follows that if petitioner's motion for a new trial rests upon a trial by jury, there has been a trial by jury for every purpose connected with such proceeding. To hold otherwise would be to impute to the legislature an intention to deprive a litigant in the situation of respondents of the benefit of the reversal of a judgment on appeal. In reversing the judgment herein it was held that an adoption was not proved and that judgment should have been rendered for respondents in the court below. In the face of this it is contended that the order granting a new trial may not be reviewed, but that respondents must bear the burden and expense of another trial notwithstanding it may ultimately be determined there was no basis for a new trial. Such a construction is opposed to the general purpose of section 963 of the Code of Civil Procedure, in allowing appeals from orders granting a new trial, and petitioner has failed to show that the appeal in this case comes within any exception to the general language of the section.

[5] Petitioner contends that even in a case where the verdict was directed by the trial court no appeal could be taken from an order granting a new trial, citing *Estate of Sharon,* 179 Cal. 447 [177 Pac. 283], to the effect that a verdict directed by the court is "really and in law the act of the court." This authority was cited for the first time on the oral argument herein, and upon the direction of the court, supplemental memoranda of points and authorities were filed by both parties. Respondents point out that the above case was one in which the court directed the jury to render a verdict for defendants and a part of the jury refusing to obey the order, the court ordered the jurors who complied with the direction to return the verdict, which was accordingly done. The decision holds that a directed verdict is a decision upon the merits and is a bar to another action for the same cause, thereby distinguishing it from a judgment of nonsuit. We have found no authorities in this jurisdiction concerning the construction of the words in section 963 of the Code of Civil Procedure, "action or proceeding tried by jury." However, in the case of *Hawke* v. *Hawke et al.,* 82 Hun, 439 [31 N. Y. Supp. 968], in which a similar statutory provision was construed by the supreme

court of that state and affirmed in a memorandum decision by the court of appeals (146 N. Y. 366 [41 N. E. 89]), it was held that "Code Proc., Sec. 2653a, providing that an action to determine the validity of a will 'shall be tried by a jury, and the verdict thereon shall be conclusive . . . unless a new trial be granted, or the judgment thereon be reversed or vacated,' does not deprive the court of power to direct a verdict as in other actions." The following language was used: "The verdict that is to be found by the jury is to be arrived at pursuant to existing laws, and in arriving at their decision the jurors must be governed by the law of the land; and what that law is must be determined for them by the court. It cannot be presumed that the legislature intended anything but a trial by jury according to existing laws governing trials by jury in common-law actions. The provision in the statute that the verdict shall be conclusive is the same as is found in section 970 of the Code of Civil Procedure, and is in fact but a statutory enactment of what has long been the law relating to all trials by jury at common law. The use of these words in the statute, it seems to me, was intended, not to exclude the court from any of the powers and functions that it exercises in the trial of jury cases, but rather to emphasize the fact that these actions are to be tried by a jury, and to draw the distinction between cases of this kind and cases in equity that are tried by a jury, where the findings of the jury are simply advisory to the court, to be followed or disregarded as to the court seems best, and which are conclusive upon no one."

It follows from what we have said that there is no merit in petitioner's contention that even in a case where the verdict is directed by the trial court no appeal can be taken from an order granting a new trial.

[6] Petitioner makes the further claim that this court was without authority to direct the superior court to set aside the special verdicts and findings and to enter judgment for respondents. In the *Estate of Baird*, 193 Cal. 225 [223 Pac. 974], it has been shown that there was a motion for nonsuit and a motion for a directed verdict which were respectively denied and judgment entered in the superior court against respondents. As already indicated, the affidavits on file here show that in the petition for rehearing application was made for an order modifying and striking

out the portion of the judgment of reversal directing the entry of judgment for respondents in the court below, which petition was denied. The claim was made in the petition and is again made here that section 629 of the Code of Civil Procedure is unconstitutional and void, and, consequently, that the direction of this court to the court below to enter judgment for respondents is void. We think the question, at least as far as the present proceeding is concerned, is concluded by the denial of the application for rehearing.

Since this is an appeal "from an order granting a new trial . . . in an action or proceeding tried by a jury"— within the meaning of section 963 of the Code of Civil Procedure—petitioner's motion is without merit.

Motion to dismiss the appeal denied.

Richards, J., Lennon, J., Waste, J., Seawell, J., Shenk, J., and Myers, C. J., concurred.