[No. 3,178.]

## S. R. RANDOLPH *v.* DOMINIQUE BAYUE.

JUDGMENT IN FAVOR OF STREET CONTRACTOR.—A contractor who improves a street in a city, under a contract with the city authorities, for which improvement an assessment is made on the lots fronting on the street, is not entitled to a personal judgment against the lot owner for the amount assessed against the lot.

PUNCTUATION OF STATUTE.—The Courts will not permit an erroneous punctuation of a statute, in printing it, to have the effect of giving it an absurd construction.

INTEREST ON JUDGMENTS.—Under the Act of 1868, regulating interest, all judgments for the recovery of money bear interest at the rate of seven per cent from the time the money became due thereon, unless the judgment specifies a lower rate of interest.

IDEM.—The Act of 1868, regulating interest on judgments, applies to judgments for money due on contracts for improving a street.

IDEM.—*White* v. *Lyons*, 42 Cal. 279, affirmed as to the effect of a change of Acts allowing interest.

EVIDENCE OF DEATH.—The record of a Probate Court admitting a will to probate, is admissible as evidence to show the death of the testator, if it contains all the necessary recitals to show that the Court acquired jurisdiction. If, however, it is made to appear that there were minor heirs living in the county who were not served with citations to appear, the Court does not acquire jurisdiction and the record does not prove the death.

APPOINTMENT OF ATTORNEY FOR MINOR HEIRS.—The appointment by the Probate Court of an attorney to represent minor heirs who reside in the county and were not served with citations to appear, and the appearance of the attorney for such minor heirs, are nullities, and do not give the Court jurisdiction.

STREET CONTRACTOR'S LIEN.—A contractor for the improvement of a street does not lose his lien on lots fronting on the same, for the assessments made thereon, by the mere lapse of two years before the entry of judgment, from the date of recording the assessment, diagram, and warrant, provided his action to enforce the lien is commenced within that time.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The plaintiff and Fabian Hildebrand were partners, engaged in the business of contracting for and performing street work, under the name of Fabian Hildebrand & Co. On the 27th day of September, 1867, the firm contracted with the City of San Francisco to improve Market street, from East to Steuart. This action was brought against the defendant, as the owner of a lot fronting on the improved street, to recover the assessment thereon. The plaintiff alleged that Hildebrand died on the 28th day of December, 1867. The defendant appealed.

The other facts are stated in the opinion.

*Tully R. Wise*, for Appellant.

The judgment is wrong. There ought not to be interest (see Act of 1868, p. 553). No judgment bears interest, except for moneys lent. The decree was entered enforcing the lien after it expired. By the Act of 1862 and 1863, the warrant and other proceedings are made a lien for two

years. The warrant was dated February 26th, 1869, and then became a lien; and the judgment was entered August 15th, 1871; and the case was tried May 1st, 1871. The Court cannot enforce the lien after it has expired. (*Roe v. Swort*, 5 Cow. 294; *Graff* v. *Kip*, 1 Edw. Ch. 619; *Freeman* v. *Oram*, 3 Com. 309; *Isaac* v. *Swift*, 10 Cal. 71; *Cornelius* v. *Uhler*, 2 Browne's Pa. 229; *Hamilton* v. *Chicago*, 22 Ill. 580.)

The probate papers were not evidence of death against us (see Probate Act, Sec. 198). This Act is a proceeding *in rem*, and only binds what the Court has jurisdiction of. As partnership matters do not come within its jurisdiction, so a decree establishing death does not affect it. It also appears that there were minors, and no citation appears to have been served upon them.

*J. C. Bates*, for Respondent.

Under the statute of 1868 all judgments draw interest. The Probate Court had jurisdiction in the matter of the estate of Hildebrand, and it does not deprive the Court of jurisdiction if citations were not served, provided they appear and answer, as in this case. (*Abila* v. *Padilla*, 14 Cal. 103.)

The record was competent to prove Hildebrand's death. (Greenleaf on Ev., Vol. 1, Sec. 550; Redfield on Law of Wills, Part II, Sec. 5, p. 47; *Newman, Administrator*, v. *Jenkins*, 10 Pick. 515.)

By the Court, RHODES, J.:

By the judgment it is ordered, adjudged, and decreed that "there is due the plaintiff, and that he recover from the defendant, the sum of one thousand three hundred and thirty-three and twenty-three one hundredths dollars, with

interest from the 26th day of February, 1869, at one per cent per month," etc.

There is no point involved in the construction of the statutes relating to the improvement of streets, which is better settled—and, in fact, placed beyond all question—than the point that the contractor is not entitled to a personal judgment against the lot owner, for the amount assessed against the lot.

Both parties rely upon the statute of 1868, to regulate interest (Stats. 1867–8, p. 553), as fixing the rate of interest to be allowed in this case. If there is any special provision in the Act for the improvement of streets, prescribing the rate of interest, it has not been cited by counsel. The first section of the Act of 1868, is in the same words as the first section of the Act of 1850, except that the word "*seven*" is inserted in the Act of 1868 in place of the word "*ten*," in the Act of 1850; but in the Act as printed in the statutes of 1867–8, semicolons are in two places inserted where commas are found in the Act of 1850. These are obviously clerical or typographical errors; but if such were not the case, the punctuation would not be permitted to have the effect to render the statute absurd. The recognized construction of section one of the Act of 1850, is applicable to the same section of the Act of 1868. The allowance of interest on judgments is not limited, as suggested by the defendant, to judgments for moneys lent; but all judgments for the recovery of money, bear interest, under the Act of 1868, at the rate of seven per cent per annum from the time the money became due thereon, unless the judgment specifies a lower rate of interest. Where the case is such that different rates of interest are allowed, for different periods, because of the amendments of the statute, the rule for the computation of the interest is correctly stated in *White* v. *Lyon*, 42 Cal. 279.

CAL. REPS. XLIV—47

The plaintiff, in order to prove the death of Hildebrand, his partner, introduced in evidence the record of the Probate Court of San Francisco, admitting to probate the will of Hildebrand, and ordering letters testamentary to be issued to his executors. The record is competent evidence of the fact of the death of Hildebrand, as it contains all the necessary recitals to show that the Court had acquired jurisdiction of the subject matter, and also of the parties who are required by the statute to be cited. (1 Greenl. Ev., Sec. 550.) The plaintiff, however, stipulated that there were minor heirs of the testator, who were living in San Francisco, and that no citation was served upon them. The fourteenth section of the Act concerning the proof of wills, provides that "if the heirs of the testator reside in the county, the Court shall also direct citations to be issued and served upon them, to appear and contest the probate of the will at the time appointed." The appointment of an attorney to represent the minor heirs who were not notified as required by the statute, and his appearance for them, are mere nullities. Although proceedings for the proof of wills are usually treated as proceedings *in rem*, yet if the statute requires that certain persons shall be notified, such provisions must be complied with, in order to give the Court jurisdiction. The purpose—or at least the effect—of the stipulation, was to show that the order of the Court admitting the will to probate did not impart absolute verity; that the recitals therein contained were not true. It therefore results that the record, as corrected by the stipulation, did not prove the death of Hildebrand.

The assessment, diagram, and warrant were recorded February 26th, 1869; the action was commenced in the same year, and the judgment was rendered August 15th, 1871. The defendant contends that the lien had expired before the rendition of the judgment. The only remedy which the contractor has in case of non-payment of the assessment, is

a suit to enforce the lien upon the lot. He can do no more, if the assessment be not paid on demand, than commence his action in due time and prosecute it with due diligence; and he cannot be held responsible for delays that may occur in the proceedings, without any fault on his part. In our opinion, he does not lose his lien by the mere lapse of two years from the recording of the assessment, etc., if his action was commenced within that time.

The complaint is not, in all respects, as specific as it should be, but as it may be amended on the return of the cause to the Court below, and as no demurrer was filed, we need not notice the numerous points of the defendant, which present questions as to the sufficiency of the allegations of the complaint.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.

44  371
89  361

44  371
113  55

44  371
140  279