[No. 3,603.]

## GEORGE DOUGHERTY *v.* D. B. V. HENARIE AND A. MEYER ET AL.

LIEN OF STREET ASSESSMENT.—If an action upon a street assessment is commenced within two years from the recording of the assessment, the lien will not lapse, though the judgment is rendered after the two years expire.

INTEREST ON STREET ASSESSMENT.—Interest may be allowed on a street assessment in San Francisco, if the assessment has been made subsequent to the passage of the Act of March 26th, 1868, notwithstanding the contract for the work was awarded prior to that date.

POWER OF LEGISLATURE TO MAKE ASSESSMENTS DRAW INTEREST.—There is no constitutional impediment which estops the Legislature from enacting that, if a property owner neglects to pay an assessment made for improving a street, it shall bear interest, even if the contract was made before the passage of the Act.

PRACTICE ON APPEAL.—A party who submits to a judgment, and prosecutes no appeal from it, cannot, on an appeal by the opposing party, obtain a review of a ruling of the Court against him, although he excepted to it when it was made.

TAX SALE EXTINGUISHES OTHER LIENS.—As a general rule, a sale and conveyance in due form for taxes extinguishes all prior liens, whether for taxes or otherwise.

TAX DEED EXTINGUISHES LIEN FOR STREET ASSESSMENT.—Where an action had been commenced in due time to enforce the collection of a street assessment in San Francisco, and a third party subsequently procured a tax deed to the premises : *held,* that under the revenue law, as amended in 1859, the deed extinguished the lien for the street assessment.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This was an action on a street assessment in San Francisco. The date of the warrant, diagram, and assessment was March 8th, 1869. The judgment was rendered for plaintiff May 27th, 1872. Defendants Henarie and Meyer each moved for a new trial. Their motions were denied, and they then appealed separately, each relying on certain alleged errors.

The other facts are stated in the opinion.

*J. W. Winans,* for Appellant Henarie.

As no interest was allowable when this contract was made, no subsequent amendment of the Act could give interest in the present case without being retroactive and unconstitutional. (Constitution of California, Art. 4, Sec. 33; *Davis* v. *The Mayor, etc.,* 1 Duer, 452, 495, 496; Constitution of the United States, Art. 1, Sec. 10; *Robinson* v. *Magee,* 9 Cal. 81; *Gas Co.* v. *San Francisco,* 9 Cal. 467, 468; *People* v. *Brennan,* 39 Barb. 552.)

*R. W. Hent,* for Appellant Meyer.

The tax deed conveyed to the defendant Meyer the absolute title to the land described in the complaint, free and clear of all incumbrances, liens, claims, rights, titles, and interests of every kind. (*O'Grady* v. *Barnhisel,* 23 Cal. 287; Stats. 1857, p. 334. Sec. 23; Hittell's Digest, Art. 6319.)

The deed gave to defendant Meyer title to said property paramount to the lien or claim of plaintiff. (Hittell's Dig. Art. 6319; *Parker* v. *Baxter,* 2 Gray, Mass. 184; *Jackson* v. *Babcock,* 16 N. Y.; 2 Smith, 246; *Atkins* v. *Hinman,* 2 Gil-

man, 449; *Clarke* v. *Strickland,* 2 Curtis C. C. 439.)  And in
*Dunlap* v. *Gallatin Co.*, 15 Illinois, 7, it is held that all prior
liens and incumbrances are divested.  (Blackwell on Tax
Titles, 534, 535; *Irwin* v. *Irego,* 10 Harris, Penn. 368;
Blackwell on Tax Titles, 544, and cases cited under note 2,
and 547, 548; *Bigler* v. *Kams,* 4 Watts & S. Penn. 137;
*Gledney* v. *Deavers,* 8 Georgia, 479.)

*H. F. Crane,* for Respondent.

Interest on the assessment was allowed by section eleven
of the Act of 1868.   (Stats. 1867-8, p. 363.)   This was no
violation of the contract previously made.   The defendant
was not a contracting party.   (*Emery* v. *Bradford,* 29 Cal.
83; *Nolan* v. *Reese,* 32 id. 485; *Himmelman* v. *Spanagel,* 39
id. 392.)

In the City and County of San Francisco there are two
distinct systems of taxation recognized by the Constitution
and the Courts—one in which all real estate is taxed for
the support of State, county, and municipal governments.
Under this system collections are enforced by a summary
sale of the land, in case the tax becomes delinquent.   The
other is one in which specific real property is taxed to pay
expenses of public improvements.   The levy of such tax is
preceded by and is dependent upon certain proceedings and
steps taken on the part of the municipal authorities under
the law, their causing the improvement to be made and com-
pleted, and approved by the proper officer.

The argument of counsel leads to the result that if a tax
was levied one year, and suit commenced for its enforce-
ment, a tax levied for the succeeding year which might be
and was enforced, as in this case, by summary proceedings,
without suit, the enforcement by sale and conveyance of the
junior tax would defeat the Government itself in the collec-
tion of the former tax by suit.   But when the statute speaks
of all right, title, interest, claim, and possession acquired by
any individual, corporation, or body politic, it is not to be
construed to embrace a tax levied by law for the support of
Government or for paying the expenses of a public improve-
ment.

By the Court, CROCKETT, J.:

The action is to enforce the lien of a street assessment, and a judgment having been entered for the plaintiff, the defendants, Henarie and Meyer, prosecute separate appeals. One of the points made by the defendant Henarie is, that the plaintiff's lien, which was in force at the commencement of the action, expired by limitation before the judgment was entered, and therefore cannot be enforced. But this point was decided otherwise in *Randolph* v. *Bayne*, 44 Cal. 366. The only remaining point relied upon by the same defendant is, that the Court erred in allowing interest on the amount of the assessment. The contract under which the work was performed was awarded and entered into in the year 1867. Subsequently, by the Act of March 26th, 1868 (Stats. 1867–8, p. 363), it was provided that "after the return of the assessment and warrant as aforesaid, all amounts remaining due thereon shall draw interest at the rate of one per cent. per month until paid." The assessment in this case was made March 8th, 1869, nearly one year after the passage of the Act. The argument of counsel is, that the rights of the parties were fixed by the contract, and by the law as it then stood; and that it was not competent for the Legislature, by a retroactive enactment, to impose a new burden, in the form of interest, on the property owner. The reply to this proposition is, that there was no contract or proceeding to which the property owner was either a party or privy prior to the assessment. The municipal authorities determined that it was expedient to improve a public street, and after the proper proceedings were had, awarded a contract for that purpose. The parties to the contract were the contractor on one side, and the Superintendent of Streets, acting in his official capacity, on the other. The law provided that the cost of the work should be borne by the property fronting on the improvement, and that on the completion of the work an assessment should be made by the Superintendent, apportioning the amount amongst the several parcels of property, upon a basis prescribed by the statute. On the return and recording of the assessment,

warrant and diagram, the several parcels assessed became subject to a lien for the amount of the assessment; and the Act of March 26th, 1868, provides that if not paid it shall bear interest from the date of the return and recording of the assessment and warrant.  But the property owner had the opportunity, and it was his duty to pay, before the return of the warrant; and I know of no constitutional impediment which estops the Legislature from enacting that if he neglects this duty, the amount due shall thereafter bear interest.  It impairs the obligation of no contract; and certainly of none to which he was a party; and is not retroactive, as it operates only on assessments made after the passage of the act.   The liability of the property commenced with the issuing of the assessment, diagram and warrant, and the lien attached and became complete on the recording of these instruments.   Long before these events occurred, the amendatory Act was in force, providing that if default was made in the payment, after a proper demand, the amount due should thereafter bear interest.  If the statute had provided that the judgment to be rendered for the amount due should bear interest, it would be equally liable to the objection now raised.  But provisions of this character affect the remedy only, and not the contract.

The defendant Meyer, in his answer, sets up as a defense, that he is the owner in fee of the lot in controversy, under a tax deed issued upon a sale for State and county taxes for the fiscal year of 1869–70; that the tax deed conveyed the title, discharged of the plaintiff's lien, which, however, remains as a cloud upon the title.   He therefore prays that the lien claimed by the plaintiff be adjudged to be inoperative, as against the defendant's title, and that the plaintiff be restrained and debarred from prosecuting or asserting it, and for general relief.   At the trial the plaintiff offered to dismiss the action as to Meyer, who objected to the dismissal, and the court thereupon denied the motion to dismiss, and the plaintiff excepted.   But he cannot avail himself of the exception on this appeal.   Having submitted to the judgment and prosecuted no appeal from it, he cannot, on an appeal by the defendants, review the rulings of the Court

which he claims were to his prejudice. At the trial the defendant Meyer put in evidence the tax deed, dated June 20th, 1870, which recites the sale of the premises in controversy to Meyer for State and County taxes, on the 17th of December, 1869, and all the other facts required to be recited in tax deeds. This action was commenced May 20th, 1870, and a notice of *lis pendens* was filed on the twenty-seventh of the same month. It was admitted that the assessment, diagram, warrant and return were in due form, and that all the averments of the complaint in respect thereto, were true. This raises the question whether the title acquired at the tax sale is to be subordinated to the plaintiff's lien, or had the effect to extinguish it. The general rule is that a sale and conveyance in due form, for taxes, extinguishes all prior liens, whether for taxes or otherwise. The necessity of collecting revenue for the support of the Government imperatively requires that the lien for taxes shall take precedence over all other liens; and that a tax sale, followed by a proper conveyance, shall transfer the title discharged of prior tax liens. If the rule were otherwise, purchasers at tax sales would be deterred from bidding, and a large portion of the revenue would remain uncollected. Section twenty-third of the revenue law, as amended in 1859 (Stats. 1859, p. 349), provides that the tax deed "shall convey to the grantee the absolute title to the lands described in said deed, free and clear of all incumbrances, liens, claims, rights, titles and interests of every kind, of any person or persons, corporation or corporations whatever, * * * excepting only the right and title of the United States or of the State of California, * * * and such deed shall be prima facie evidence of title in the grantee, except when the land is claimed by the United States, or by the State, * * * and (that) all right, title, interest, claim, and possession acquired by any individual, corporation, or body politic, has been subrogated to the grantee, and such deed shall be conclusive proof of the matter by it set forth, except that Courts of law and equity may examine only in regard to such deed," etc., specifying certain particulars wherein the truth of the recitals may be inquired into.

More explicit and comprehensive language could not well have been employed to define the nature of the title which passes by the tax deed. It "shall convey to the grantee the *absolute* title to the land, * * * free and clear of all incumbrances, *liens,* claims, rights, titles and interests *of every* kind, of any person or persons, corporation or corporations, * * * and shall be prima facie evidence, * * * (that) all right, title, interest, claim, and possession acquired by any individual, corporation, or *body politic,* has been subrogated to the grantee." This language is so explicit as to require no interpretation and to leave no room for construction. The tax deed conveyed the title, discharged of the plaintiff's lien.

Judgment affirmed as to the defendant Henarie, and reversed as to the defendant Meyer, as to whom the cause is remanded for a new trial.