[No. 3,593.]

## A. HIMMELMAN *v.* E. R. CARPENTIER, EXECUTOR OF THE ESTATE OF H. H. BYRNE, DECEASED, ET AL.

LIEN OF STREET CONTRACTOR.—A contractor for improving a street in San Francisco, does not lose his lien on lots fronting on the street, for the sums assessed, to pay for the improvement, from the fact that a judgment enforcing the lien is not rendered within two years from the time the lien attached, provided his action to enforce the lien is commenced within the two years.

EVIDENCE IN ACTION TO RECOVER STREET ASSESSMENT.—The ninth section of the Act of April 4th, 1870, as to street assessments in San Francisco, did not have the effect of changing the rule of evidence fixed in the fourth section of the Act of March 26th, 1868, which provides that the warrant, assessment and diagram, with the affidavit and demand of non-payment, shall be *prima facie* evidence of the plaintiff's right to recover, so as to compel the plaintiff to prove all prior proceedings, but, under said Act of 1870, the assessment or assessments, or original record thereof, are *prima facie* evidence of the plaintiff's right to recover.

PRESUMPTION IN FAVOR OF REGULARITY OF STREET ASSESSMENT.—When the resolution of intention to improve a street in San Francisco, requires the street to be graded to the official grade, and two notices are published inviting sealed proposals, and the record only contains the first notice which requires the street to be graded one foot below the official grade, and is not published five days, and the award is made under the second notice, and judgment was for the plaintiff, the presumption is that the second notice was in accordance with the resolution of intention, and was published for the requisite time.

POWER TO CHANGE RULE OF EVIDENCE.—The Legislature has power to change a rule of evidence after the contract to which the rule applies has been made, and after the action in which the rule is to be applied has been commenced.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The contract to do the work was made on the twenty-first day of February, 1868.

The resolution of intention, declared it to be the intention to grade the street. The other facts are stated in the opinion.

*S. H. Brodie* and *D. H. Whittemore,* for the Appellants.

Section 19 of the law of 1862 (Stat. 1862, p. 397), reads: "The assessment, warrant and diagram shall be recorded. When so recorded the several amounts assessed shall be a lien * * * for a period of two years from the date of said recording, unless sooner discharged."

The lien, therefore, expired November 27th, 1870. Section 12 of the same law does not operate to continue the lien. "It required express words to create the lien, and it equally requires express words to continue it beyond the time specified," says the Supreme Court in *Isaacs* v. *Swift,* 10 Cal. 81. No such words expressly continuing the lien

can be found. (*Isaac* v. *Swift,* 10 Cal. 81; *Hamilton* v. *Chicago,* 22 Ill. 580; *Grant* v. *Vandercock,* 57 Barb. 165.)

The commencement of a suit does not *per se* continue the lien, say several of these authorities, therefore the lien given by the act of the municipal corporation expired November 27th, 1870.

The Court has no power to levy another assessment, (Const. Art. IV, Sec. 37,) or to create another lien. Nor does a fair construction of the words of Sec. 4 (Stat. 1867-8, p. 363), mean to delegate or attempt to delegate such power to the Courts, but only the power to decree the legality of the lien already imposed, and order a sale thereon.

*S. F. Reynolds* and *M. A. Edmonds,* for Respondent.

The power of the Court to render the judgment depends upon the construction which may be given to the statute conferring, or supposed to confer, the power, and not upon the special legislation of other States. Yet the counsel, who object that the power is not given, have not cited the provisions which are supposed to confer it.

The statute giving the right of action, reads as follows : "At any time after the period of fifteen days from the day of the date of the warrant * * * the contractor or his assignee may sue, in his own name, the owner of the land, lots or portions of lots assessed, on the day of the date of the recording of the warrant, assessment and diagram, or on any day thereafter, during the continuance of the lien of said assessment, and recover the amount of any assessment remaining due and unpaid." (Statutes 1862, p. 399, Sec. 13, amended in 1868, p. 363.)

A subsequent clause of the same section reads as follows: "The Court in which such suit shall be commenced shall have power to adjudge and decree a lien against the premises assessed, and to order such premises to be sold on execution, as in other cases of the sale of real estate by the process of said Court; and, on appeal, the appellate Court shall be vested with the same power to adjudge and decree a lien, and to order to be sold such premises, on exe-

cution or decree, as is conferred on the Court from which an appeal is taken."

In commenting upon the provision first cited, the Court, in *Creighton* v. *Manson* (27 Cal. 623), say : "The language and plain meaning of the section includes not only the person who owned the lot at the date of the recording of the warrant, assessment and diagram, as liable to be sued, but also each person, successively, who may thereafter and during the continuance of the lien be the owner. The statute does not provide a different remedy against the subsequent owner from that given against the owner at the time the lien attached, but it affords the same remedy in every case." That remedy, as was further said in that case, is an "action *in rem*, to enforce the payment of the assessment by a decree for the sale of the lot."

If, then, "the language and plain meaning of the section" authorizes the action to be commenced against the person who may be the owner of the lot on the last day of the lien, the full time of the continuance of the lien must be allowed in which to commence the action. The clause first cited, therefore, plainly gives the full time of two years in which to commence the action. Then follows immediately, and in the same section, the further provision above quoted, giving to the Court in which such action has been commenced full power, without qualification, or any limitation as to time, to adjudge and decree a lien against the premises assessed.

By the Court, BELCHER, J.:

This is an action to recover a street assessment for grading a portion of Fillmore street, in the city of San Francisco. The plaintiff recovered judgment, and the appeal is from the judgment and an order denying a motion for a new trial.

The first point presented by the appellant is that the lien of the assessment had expired by limitation before the trial, and the court had no power to render the judgment after the expiration of the lien. The assessment, warrant and diagram were recorded November 27th, 1868, the ac-

tion was commenced within two years, and the judgment was rendered September 22d, 1871. The same point was made in *Randolph* v. *Bayue*, 44 Cal. 366, and decided against the views of the appellant. Upon the authority of that case, we hold that the contractor did not lose his lien because the judgment was not rendered within two years after the recording of the assessment.

The next point is, that at the time of the trial the assessment, warrant, diagram and affidavit of demand and non-payment did not constitute proof of the prior proceedings, and that no other evidence was offered by the plaintiff. The argument is, that section 4 of the Act of March 26th, 1868 (Statutes 1867–8, p. 363), which made the warrant, assessment and diagram, with the affidavit of demand and non-payment, *prima facie* evidence of the indebtedness and of the right of the plaintiff to recover in the action, was repealed when that section was amended by the Act of April 4th, 1870 (Statutes 1869–70, p. 898), and the plaintiff, in order to establish his right to recover, was therefore required to make common law proof of all the necessary prior proceedings. We do not agree with the appellants in their construction of the Act of 1869–70. This act made some important changes in the street assessment law of San Francisco, but it did not, we think, accomplish all that is claimed for it. Undoubtedly it was competent for the Legislature to change the rule of evidence theretofore provided, and to some extent it did change it, but it substituted another rule quite as favorable for the plaintiff. Among other things, the act provided that actions for the collection of delinquent street assessments should be brought by the Assistant City and County Attorney, in the name of the people of the city and county, and that "said assessment or assessments, or the original record thereof, shall be *prima facie* evidence of plaintiff's right to recover in the action." It further provided that "in all suits now pending, or hereafter to be brought to recover street assessments, the proceedings therein shall be general [governed] and regulated by the provisions of this act." It also declared that the act should be liberally construed to carry out the intentions

and purposes of the act.   We are satisfied that it was the intention of the Legislature to make the assessments, or the original record thereof, *prima facie* evidence of the plaintiff's right to recover in all actions then pending or thereafter to be brought, and that the act must be so construed as to effect that end.

The third, fourth and fifth points relate to the notice inviting sealed proposals, and are in substance: First, that the notice called for grading the roadway one foot below the official grade, which was more work than the Board had acquired jurisdiction to do; and second, that the notice was not posted five days.   The answers to these objections are obvious and conclusive.

First, the case shows that there were two notices inviting sealed proposals, under the second of which the award was made.   That notice is not set out in the record, and it does not appear whether it invited proposals to grade to the official grade, or one foot below the official grade.

Second, the *prima facie* case made by the plaintiff was not overcome by proving that the first notice was not posted five days.   The award having been made in pursuance of the second notice, the first was properly disregarded by the Court.   Its production neither proved nor tended to prove any issue in the case.

Judgment and order affirmed.