[L. A. No. 6136.   Department Two.—November 28, 1919.]

In the Matter of the Estate of WILLIAM G. WATERS, Deceased.  EDITH SCOTT BURRITT, Appellant, v. SANTA BARBARA TRUST COMPANY, Respondent.

[1] APPEAL—EFFECT UPON FURTHER JURISDICTION OF TRIAL COURT.— While it is the general rule that a duly perfected appeal divests the trial court of further jurisdiction in the cause, it is also true that this rule does not operate to divest the court of jurisdiction to hear and determine questions arising in proceedings independent of and collateral to the proceeding wherein the judgment or order appealed from was rendered.

[2] ID.—APPEAL FROM JUDGMENT—HEARING AND DETERMINATION OF MOTION FOR NEW TRIAL—JURISDICTION OF TRIAL COURT.—An appeal taken from a judgment does not operate to divest the trial court of power to entertain and determine a motion for a new trial in the matter in which the judgment was given, regardless of whether or not a separate appeal from the order is expressly authorized.

[3] ID.—ESTATES OF DECEASED PERSONS—WILL CONTEST—APPEAL FROM ORDER DENYING PROBATE—JURISDICTION TO HEAR AND DETERMINE MOTION FOR NEW TRIAL.—In a contest to the probate of a will, the perfection of an appeal from the order denying probate does not divest the trial court of jurisdiction to hear and determine proponent's motion for a new trial.

APPEAL from an order of the Superior Court of Santa Barbara County granting a new trial. John L. Hudner, Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

R. H. Cross for Appellant.

Wm. G. Griffith and Harry W. T. Ross for Respondent.

LENNON, J.—This is an appeal from an order granting a new trial after verdict in favor of contestant in a will contest.

Respondent herein offered for probate a document purporting to be the last will and testament of William G. Waters, deceased.  Appellant appeared to oppose the probate of the document, alleging that at the time of its execution

the said William G. Waters was of unsound mind. The issue as to the capacity of the deceased to make a will was tried before a jury, which rendered its verdict in favor of appellant. The court thereupon entered its order denying the probate of the document offered by respondent. Within ten days after the entry of this order, respondent filed its notice of intention to move for a new trial, stating that the motion would be made upon the minutes of the court. Within sixty days after the entry of the order and before the motion for a new trial had been brought on for hearing, respondent perfected an appeal to this court from the order in question. Thereafter, and while the appeal from the order was still pending, it brought the motion for a new trial on for hearing. After argument the matter was submitted and the court made its order granting the motion and ordering a new trial on the ground of insufficiency of the evidence. The appeal herein is from this order, and the sole ground of the appeal is that the perfection of respondent's appeal from the order denying probate to the purported will divested the trial court of further jurisdiction in the cause.

[1] The general rule is that a duly perfected appeal divests the trial court of further jurisdiction in the cause. It is also true that this rule does not operate to divest the court of jurisdiction to hear and determine questions arising in proceedings independent of and collateral to the proceeding wherein the judgment or order appealed from was rendered. The single question presented for our consideration is whether or not the motion for a new trial in the instant case was an independent and collateral proceeding.

At common law the motion for a new trial was made before the rendition of the judgment. It was in direct line of the judgment and was in no sense an independent and collateral proceeding. The provisions of the code as they stood before the amendments of 1915 indicated a fundamental change from the common-law system. Provision was made for the making of the motion for a new trial after the rendition of the judgment. There was no provision fixing the time within which the motion was to be heard and determined. The only limitation in this regard was the general one applicable to all proceedings that it must be

prosecuted with due diligence. An appeal from the order granting or denying the motion was provided for. (Code Civ. Proc., (ed. 1909), secs. 657, 658, 659, 660, 963.) On the other hand, the time within which to appeal from judgments was fixed at definite periods and wholly without reference to the pendency of a motion for a new trial. It was, moreover, provided that only the verdict or decision and intermediate orders could be reviewed on an appeal from the judgment. (Code Civ. Proc., (ed. 1909), secs. 939, 941a, 941b, 956.) These provisions of the code clearly evidenced an intent on the part of the legislature to make the motion for a new trial wholly independent of and collateral to the main proceeding, in effect a *new action* in the nature of a writ of error brought to reverse the judgment in the lower court. (*Knowles* v. *Thompson*, 133 Cal. 245, 247, [65 Pac. 468]; *Fowden* v. *Pacific Coast Steamship Co.*, 149 Cal. 151, 154, [86 Pac. 178].)

The system of new trial and appeal established by the code sections above cited was found to be anomalous, complicated, and unsatisfactory. To remedy the obvious defects of the system the code was amended in 1915. Under the code, as amended, the motion for a new trial must be made upon affidavits or upon the minutes of the court within ten days after the entry of the judgment or order, and the limit so fixed cannot be extended by order or stipulation. The hearing and disposition of the motion take precedence over all matters except criminal cases, probate matters, and matters actually on trial, and if no action is taken within three months after the entry of the judgment or order in the principal proceeding, the motion is deemed denied. Separate appeals from orders granting new trials can be had only in those cases where a jury trial has been had as a matter of right. (Code Civ. Proc., (ed. 1915), secs. 658, 659, 660, 963.) The time within which to appeal is extended thirty days beyond the time of the entry of the order determining a motion for a new trial and upon the appeal from the judgment the order made on motion for a new trial may be reviewed. (Code Civ. Proc., secs. 939, 956.)

The question presented in the briefs is whether or not the sections as amended evidence an intent on the part of the legislature to reintegrate the proceeding on motion for a

new trial with the principal proceeding in the case. Assuming, without undertaking to decide the point, that in those cases where a separate appeal from an order on a motion for a new trial is denied the proceeding based on the motion and the principal proceeding in the case are merged and integrated to such an extent that it can no longer be said that the proceeding on the motion constitutes in effect a new and independent action, it is not, we think, open to question that in those cases where a separate appeal from the order is expressly provided for the proceeding on the motion must of necessity be considered independent of and collateral to the principal proceeding. [2] Where, therefore, a separate appeal from an order on a motion for a new trial is authorized, the perfection of an appeal from the judgment or order in the main proceeding does not divest the court of jurisdiction to hear and determine the motion.

Section 1312 of the Code of Civil Procedure provides that where a will is contested and the petitioner files an answer traversing or otherwise obviating or avoiding the contestant's objection, "Any issues of fact thus raised, involving: 1. The competency of the decedent to make a last will and testament. . . . Must, on request of either party in writing (filed at least ten days prior to the day set for the hearing), be tried by a jury. If no jury is demanded, the court must try and determine the issues joined." It, therefore, appears that the issues in the principal proceeding in the instant case were such that a jury trial was a matter of right. It further appears that a jury trial was in fact had and that an order was entered granting a new trial. Section 963 of the Code of Civil Procedure provides that "an appeal may be taken from a superior court in the following cases: . . . 2. From an order granting a new trial in an action or proceeding tried by a jury where such trial by jury is a matter of right . . ." It follows that a separate appeal from the order granting a new trial is authorized by the code in the instant case. The proceeding on the motion is, therefore, in this instance, distinct from and independent of the principal proceeding. [3] The perfection of the appeal from the order denying the probate of the purported will of William G. Waters did not, therefore, divest the court of jurisdiction to hear and determine the motion.

No question on the merits being presented, the order grant-ing a new trial must be affirmed.

Wilbur, J., and Melvin, J., concurred.

Hearing in Bank denied.

In denying a hearing in Bank, the court filed the following opinion on December 22, 1919:

THE COURT.—In denying a rehearing we deem it proper to say that we are entirely satisfied that in no case does the fact that an appeal has been taken from a judgment operate to divest the trial court of power to entertain and determine a motion for a new trial in the matter in which the judgment was given. The amendments of 1915 have, in no respect, changed our established law in this regard. The opinion in Department was correct in holding that this is true at least in so far as cases in which a separate appeal from the order is expressly provided are concerned. The exigencies of this case were not such as to require the court to go further, but in order that the practice in trial courts may not be thrown into confusion by a possible distinction as between cases in which a separate appeal from the order is provided, and other cases, we feel that this statement of our views should be made.

The application for a rehearing is denied.

Angellotti, C. J., Shaw, J., Wilbur, J., Lennon, J., and Olney, J., concurred.