[Civ. No. 3852. Second Appellate District, Division Two.—June 22, 1922.]

JOHN McGOLDRICK, Respondent, v. VISALIA MID-WAY OIL COMPANY (a Corporation), Appellant.

[1] APPEAL — ORDER GRANTING NEW TRIAL — WHEN APPEAL ALLOW-ABLE. — Under section 963 of the Code of Civil Procedure, as amended in 1915, an appeal from an order granting a new trial can be had only in a case where a jury trial has been had as a matter of right.

APPEAL from an order of the Superior Court of Kern County granting a new trial.   J. W. Mahon, Judge.   Dismissed.

The facts are stated in the opinion of the court.

Miller, Thornton, Miller & Watt and Miller, Thornton & Miller for Appellant.

Thos. Scott, Sr., Kaye & Siemon, Edson Abel and L. E. Nathan, *Amici Curiae,* for Respondent.

WORKS, J.—This is an action for damages for personal injuries and was tried without a jury, with the result that judgment went for defendant.   Upon motion by plaintiff the court made its order granting a new trial of the cause. From this order defendant appeals.

[1]   Section 963 of the Code of Civil Procedure, before it was amended in 1915, provided that an appeal might be taken from "an order granting or refusing a new trial."   By the amendment of the year mentioned, the passage of the amendment long antedating the order now appealed from, this language was changed so as to permit an appeal only from "an order granting a new trial in an action or proceeding tried by a jury where such trial by jury is a matter of right."   The supreme court, in reciting the history of this amendment and of others affecting appeals, has said: "Separate appeals from orders granting new trials can be had only in those cases where a jury trial has been had as a matter of right" (*Estate of Waters,* 181 Cal. 584 [185 Pac. 951].)

Appeal dismissed.

Finlayson, P. J., and Craig, J., concurred.