[Civ. No. 2958. Third Appellate District.—May 6, 1925.]

## W. R. NASON et al., Appellants, v. HARRY M. SHINJO, Respondent.

[1] . APPEAL—ORDER GRANTING NEW TRIAL.—An appeal lies from an order granting a new trial only in an action or proceeding tried by a jury where such trial by jury is a matter of right.

MOTION to dismiss an appeal from an order of the Superior Court of San Joaquin County granting a new trial. C. W. Miller, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellants.

LaFayette J. Smallpage for Respondent.

FINCH, P. J.—This is a motion to dismiss the appeal herein. The case was tried before the court without a jury and judgment was entered in favor of plaintiff for a sum alleged to be due under a lease. On motion of one of the

1. See 2 Cal. Jur. 147.

defendants the court ordered a new trial. From this order the plaintiff has appealed. The motion to dismiss is made upon the ground that the order is not appealable. **[1]** An appeal lies from an order granting a new trial only "in an action or proceeding tried by a jury where such trial by jury is a matter of right." (Code Civ. Proc., sec. 963, subd. 2; *Estate of Waters,* 181 Cal. 584, 586 [185 Pac. 951]; *In re Baird's Estate,* 195 Cal. 59 [231 Pac. 744]; *McGoldrick* v. *Visalia Midway Oil Co.,* 58 Cal. App. 280 [208 Pac. 334].)

Appellant relies upon section 663a of the Code of Civil Procedure, which provides for an appeal from an order granting a motion, authorized by section 663, to set aside and vacate a judgment "based upon findings of fact made by the court, or the special verdict of a jury," and to enter "another and different judgment." The motion here in question was not of the character mentioned in that section, but it was a motion for a new trial.

The appeal is dismissed.

Hart, J., and Plummer, J., concurred.

Appellants' petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 2, 1925.

All the Justices concurred.