[L. A. No. 13740. In Bank.—December 30, 1932.]

LILLIAN E. EVANS, Plaintiff and Appellant, ·v. JOHN W. GIBSON et al., Defendants; GRACE I. GIBSON et al., Executrices, etc., et al., Defendants and Appellants; GRACE I. GIBSON, Individually, Respondent.

J. K. Wilson and J. C. Landry for Plaintiff and Appellant.

Frederick M. Kincaid and Anderson & Anderson for Defendants and Appellants.

THE COURT.—Motion to dismiss an appeal from an order of the trial court vacating a judgment in favor of appellant Grace I. Gibson, in her individual capacity. In an action based upon fraud and conspiracy to defraud, plaintiff Lillian E. Evans secured judgment against several individual defendants, including Grace I. Gibson, and

also against Grace I. Gibson and Thelma M. Gibson, as executrices of the will and testament of John W. Gibson, deceased, in the sum of $26,316.06, and costs. After entry of the judgment, Grace I. Gibson, in her individual capacity, Grace I. Gibson and Thelma M. Gibson, as executrices, and Frederick M. Kincaid separately served and filed notices of intention to move to vacate and set aside the judgment and to grant a new trial to each respectively. The motion was denied as to Kincaid and as to Grace I. Gibson and Thelma M. Gibson, as executrices, but granted as to Grace I. Gibson, in her individual capacity. Thereafter the defendants whose motions for a new trial were denied appealed from the judgment. Lillian E. Evans appealed from the order of the trial court granting the motion of said Grace I. Gibson, in her individual capacity. Grace I. Gibson, in her individual capacity, has moved to dismiss the appeal so taken upon the ground that the order is an order granting a new trial and inasmuch as the trial or action was tried by the court and not by the jury such an order does not fall within the classification of section 963 of the Code of Civil Procedure, which provides that an appeal may be taken from "an order granting a new trial . . . in an action or proceeding tried by a jury where such trial by jury is a matter of right. . . . "

It is well settled that since the amendment of 1915 of section 963 of the Code of Civil Procedure, an order granting a new trial is no longer an appealable order except "in an action or proceeding tried by a jury where such trial by jury is a matter of right". (*Dean* v. *Midlands Farms Co.*, 96 Cal. App. 214 [274 Pac. 71]; *Nason* v. *Shinjo*, 72 Cal. App. 530 [237 Pac. 559]; *Diamond* v. *Superior Court*, 189 Cal. 732, 739 [210 Pac. 36].)

The notice of motion by Grace I. Gibson, in her individual capacity, stated that she would move the court "to vacate and set aside the judgment heretofore rendered against said defendant in said action and *to grant the said defendant a new trial* of said action". The order of the trial court is in the following language: "It is ordered *that the motion* of the said Grace I. Gibson *be granted* in so far as the judgment herein affects her personally, and the judgment as to her only, will be vacated and set aside on the ground that the evidence is insufficient to show that

(1) she had any knowledge of the fraud complained of, (2) or that she benefited personally, by the fraud complained of." Although it is true that the order does not state in so many words, "a new trial is granted", it does in express words grant the motion of the defendant Grace I. Gibson, in her individual capacity, which motion expressly sought the granting of a new trial, and we see no escape from the conclusion that thereby a new trial was in fact granted. In *Eades* v. *Trowbridge*, 143 Cal. 25 [76 Pac. 714], the court held that "an order setting aside the verdict and not expressly granting a new trial will be treated as an order granting a new trial if such is its legal effect". And we think the same rule is applicable here.

The appellant, Lillian E. Evans, asks that if the appeal from the order be dismissed it be dismissed without prejudice in order that the order granting a new trial may be considered upon the appeal from the judgment upon its merits. Grace I. Gibson, in her individual capacity, having been granted a new trial, is not appealing from the judgment in her individual capacity, and, therefore, there is not before us any judgment in conjunction with which the order granting the new trial may be considered. The appeal before us is an appeal from the judgment against them perfected by the other defendants, and with this judgment and the appeal therefrom Grace I. Gibson, in her individual capacity, has no concern.

Motion to dismiss the appeal from the order granting a new trial is granted, and the appeal is dismissed.

■ A motion by plaintiff on suggestion of diminution of record was noticed for the same calendar of this court. The matters sought to be added to the record consist of a summary of certain testimony of Frederick M. Kincaid, and a copy of an order granting the motion of plaintiff to strike out certain portions of the joint answer of defendants to amended and supplemental complaint. The motion was supplemented by the affidavit of the clerk of the trial court certifying to the correctness of the order to strike, and also by the affidavit of the trial judge to the effect that both the summary of said testimony and the order to strike were before him on the trial of said action and on the settlement of the bill of exceptions and were a part of the record on which he based the judgment and order set-

tling the bill of exceptions, and were omitted from the transcript through an oversight. This court has the power to order such a diminution of the record and under the circumstances here presented it seems clear that the motion of plaintiff should be granted. (*Webster* v. *Webster,* 216 Cal. 485 [14 Pac. (2d) 522]; *McMahon* v. *Hamilton,* 202 Cal. 319, 325 {260 Pac. 793].)

There can be no doubt but that the order granting plaintiff's motion to strike out portions of the joint answer of the defendants, constituting as it does a part of the judgment-roll (sec. 670, Code Civ. Proc., subd. 2), should be incorporated in the transcript on appeal. It is possible that the summary of the testimony sought to be included by this motion, if it relates solely and only to the defendant Grace I. Gibson, in her individual capacity, who has been eliminated by the order granting her motion for a new trial, may not be pertinent to the issues presented on the appeal of the other defendants. It is impossible, however, without a careful examination of the entire record and a detailed study of the issues presented by the appeal of the other defendants, to determine whether or not this testimony does in fact relate solely to the defendant Grace I. Gibson, in her individual capacity, or whether it may not have some application to the other defendants. We are not inclined at this time to make such a detailed study of the case. If this testimony is not relevant to any of the issues presented when the appeal is considered on its merits, it may then be disregarded.

Plaintiff's motion to diminute the record, as set forth in her notice of motion and suggestion of diminution of the record is granted. Diminution is ordered in accordance therewith.