[Civ. A. No. 2304.   Appellate Department, Superior Court, County of Los Angeles.—March 16, 1934.]

MORRIS TREIMAN, Appellant, v. WILLIS J. KENNON et al., Respondents.

(2 Cal. Supp. 107.)

Licker & Licker, for Appellant.

J. M. Clements and John H. Gordon for Respondents.

SHAW, P. J.—Plaintiff has appealed from an order of the municipal court granting a new trial in a case in which trial by jury was a matter of right under our state Constitution, but which was tried by a judge without a jury, a jury having been waived. Respondents' motion to dismiss the appeal presents the question whether such an order of the municipal court is appealable. Before the amendment of section 983 of the Code of Civil Procedure in 1933, the answer to this question was obviously "No", for that section then expressly excepted an order granting a new trial from the category of appealable orders.

But in 1933 this section was completely recast. The words expressly excepting an order granting a new trial were omitted, appeals from such orders were authorized in some cases at least, and several other orders not previously appealable were made so. The last mentioned change specified orders of a class not previously within the jurisdiction of the municipal courts and was no doubt due to the increase in the jurisdiction of those courts, which was provided by other legislation enacted at the same session of the legislature. Looking for the source of this amendment of section 983 we find it in section 963 of the same code, specifying the decisions of a superior court from which an appeal may be taken, as it stood before an amendment made in 1933. The form of section 983 has been changed so as to conform to section 963, and all of the provisions of section 963 which, in view of the jurisdiction of municipal courts, could be made applicable to them have been inserted in section 983. But in transferring the first clause of subdivision 2 to section 983, a change in punctuation has been made. Before 1933 the part of section 963 that is material here read thus: "An appeal may be taken from a superior court in the following cases: . . . 2. From an order granting a new trial or denying a motion for judgment notwithstanding the verdict in an action or proceeding tried by a jury where such

trial by jury is a matter of right.'' By the amendment of 1933 the part of section 983 which concerns us now was made to read as follows: ''An appeal may be taken from a municipal court upon questions of law alone, in the following cases: . . . 2. From an order granting a new trial, or denying a motion for judgment notwithstanding the verdict in an action or proceeding tried by a jury, where such trial by jury is a matter of right''.

█ It is well established that the language above quoted from section 963 does not authorize an appeal from an order granting a new trial, even where a trial by jury is a matter of right, unless the case has been actually tried by a jury. (*Hirsch* v. *All Persons*, 173 Cal. 268 [159 Pac. 712]; *Estate of Waters*, 181 Cal. 584, 586 [185 Pac. 951]; *Diamond* v. *Superior Court*, 189 Cal. 732, 739 [210 Pac. 36]; *Estate of Baird*, 195 Cal. 59, 68 [231 Pac. 744]; *Moffit* v. *Ford Motor Co.*, 212 Cal. 73, 75 [297 Pac. 553]; *Evans* v. *Gibson*, 217 Cal. 171 [17 Pac. (2d) 701]; *McGoldrick* v. *Visalia etc. Co.*, 58 Cal. App. 280 [208 Pac. 334]; *Nason* v. *Shinjo*, 72 Cal. App. 530 [237 Pac. 559].)

█ It is a rule of statutory construction that ''where words and phrases employed in a new statute have been construed by the courts to have been used in a particular sense in a former statute on the same subject, or one analogous to it, they are presumed in the absence of a clearly expressed intent to the contrary to be used in the same sense in the new statute as in the previous statute''. (*Dalton* v. *Lelande*, 22 Cal. App. 481, 486 [135 Pac. 54]; see, also, *Hyatt* v. *Allen*, 54 Cal. 353, 356; *In re Nowak*, 184 Cal. 701, 706 [195 Pac. 402].) But this rule does not apply where the phraseology of the two statutes is essentially dissimilar (*McGregor* v. *Board of Trustees*, 159 Cal. 441, 445 [114 Pac. 566]), and a change of legislative purpose is to be presumed from a material change in the wording of a statute. (*McCarthy* v. *Board of Fire Commrs.*, 37 Cal. App. 495, 497 [174 Pac. 402]; *Lundquist* v. *Lundstrom*, 94 Cal. App. 109, 112 [270 Pac. 696].)

There is a difference between the present provision of section 983 and the provision of section 963 which has been judicially construed, that difference consisting of the insertion of two commas in the provisions of section 983.

■ Punctuation, it is held, is not necessarily a controlling factor in statutory construction (*Mitchell* v. *Superior Court,* 76 Cal. App. 734, 739 [245 Pac. 1109] ; *Abbey* v. *Board of Directors,* 58 Cal. App. 757, 763 [209 Pac. 709]), and will not be permitted to have the effect to' render the statute absurd. (*Randolph* v. *Bayue,* 44 Cal. 366, 369; *Rocca* v. *Boyle,* 166 Cal. 94, 99 [135 Pac. 34, Ann. Cas. 1915B, 857] ; *Mitchell* v. *Superior Court, supra.*) But punctuation is resorted to as an aid to construction (*Mitchell* v. *Superior Court, supra; Ex parte Pfirmann,* 134 Cal. 143, 148 [66 Pac. 205] ; 59 Cor. Jur. 990, 991), and where the statute as punctuated is neither inconsistent, absurd nor ambiguous but has a reasonable meaning apparently in accord with the legislative intent, the punctuation will be followed and the statute construed accordingly. (*Rocca* v. *Boyle, supra.*)

■ As the provision in question read in section 963, it contained no commas or other punctuation marks, and thus the words "tried by jury" were made applicable to both orders mentioned therein; but as it now appears in section 983, the commas set off these words with others descriptive of one only of the two orders into a single phrase, the meaning of which is clear and fits into the rest of the section. Giving to these two commas their natural force of setting off one phrase from the other, we have the provision in question divided into two parts descriptive of the two different orders to which it applied, thus: (1) "An order granting a new trial"; (2) "or denying a motion for a judgment notwithstanding the verdict in an action or proceeding tried by a jury"; and both of these parts are followed by a third which is applicable to and limits both of them, that is: "where such trial by jury is a matter of right". This gives the provision the meaning that an appeal may be taken from an order of a municipal court granting a new trial in any case where trial by jury is a matter of right, even though such trial was in fact waived and the case was tried by a judge. As so construed it is neither absurd, inconsistent nor ambiguous, and some effect is given to the action of the legislature in inserting the commas, which by any other construction would become futile. Moreover, it harmonizes with the legislative intent as disclosed by other acts passed by the same legislature.

The amendment of section 983 is part of a statute making many amendments to the Code of Civil Procedure, one of the purposes of which is to secure as far as possible uniformity in the practice in municipal and superior courts, and this statute is one of a series of statutes evidently passed in furtherance of the same purpose, one of which expressly states it by amending section 34 of the Code of Civil Procedure to declare that the provisions of the code relating to practice, etc., in the trial courts shall apply to all such courts except as otherwise specially provided. This section probably does not cover the present case but it shows the legislative intent. The same legislature amended section 963 by striking out entirely from the language in question the words "tried by a jury", thus unquestionably giving to that section the meaning which we have just attributed to section 983. Our construction of section 983 therefore carries out the general legislative intent of assimilating the practice in the municipal and superior courts, and it may well be that the two commas were inserted in section 983 for this purpose.

The motion to dismiss the appeal is, therefore, denied. The cause is restored to the calendar for argument on the merits, March 29, 1934, 2 P. M.

Bishop, J., and Fox, J., concurred.