[Civ. No. 9396. First Appellate District, Division One.—April 9, 1934.]

WILDER WIGHT, Respondent, v. ALMA REBECCA ROHLFFS, as Administratrix, etc., Appellant.

M. A. Ross for Appellant.

H. Raymond Hall for Respondent.

KNIGHT, J.—The above-entitled cause was tried by the court sitting without a jury and judgment entered in favor of defendant. Thereafter plaintiff moved for and was granted a new trial upon the ground of insufficiency of evidence. Defendant appealed, and plaintiff now moves to dismiss the appeal upon the ground that the action was one in which defendant was not entitled as a matter of right to a trial by jury, and that consequently, under section 963 of the Code of Civil Procedure, the order granting the new trial is not appealable.

Subdivision 2 of said code section, as amended in 1933, provides: "An appeal may be taken from a superior court in the following cases: . . . 2. From an order granting a new trial . . . where a trial by jury is a matter of right.

. . . " ▮ It follows, therefore, that in an action wherein a trial by jury is not a matter of right, no appeal lies from an order granting a new trial; and it is fundamental that an equitable proceeding is such an action. At the time the motion to dismiss came on for hearing the transcript on appeal had not been completed, and said motion was presented on a record consisting of the county clerk's certificate setting forth certain matters appearing of record in the action, annexed to which were copies of the pleadings in the action, consisting of the second amended complaint, the answer thereto, and an amendment to the answer; also copies of the minute order granting the new trial, the notice of appeal, and certain affidavits. After the motion was argued and submitted the transcripts on appeal prepared by the county clerk and the phonographic reporter were presented to the clerk of this court for filing. ▮ It is well settled, however, that the question of whether an action involves legal issues or issues of equitable cognizance must be determined from the pleadings and the facts alleged therein. (*Davis* v. *Judson*, 159 Cal. 121 [113 Pac. 147]; *Woolsey* v. *Woolsey*, 121 Cal. App. 576 [9 Pac. (2d) 605]); and inasmuch as copies of all of the pleadings were incorporated in the clerk's certificate filed in support of the motion, the transcripts on appeal serve no useful purpose in the determination of the merit of said motion.

Turning then to the pleadings, the second amended complaint alleges that on June 6, 1917, plaintiff and Patrick Cahill became the sole owners of the real estate and farm in controversy; that plaintiff owned an undivided one-third interest therein, but that the legal title to said property was vested in Patrick Cahill; that plaintiff originally invested $4,641.98 in said property, and on December 9, 1918, for the purpose of protecting plaintiff's interest therein in the event of the death of either party, the said Cahill executed and delivered to plaintiff a written memorandum to the effect that Cahill held one-third of said property in trust for plaintiff, subject to certain encumbrances, and subject to an accounting between them; that on or about May 1, 1921, it was agreed between plaintiff and said Cahill that said Cahill would continue to operate the business of said farm and that he would dispose of it when a profitable disposal of same could be made, and would then account to

plaintiff for the amount invested by him and for one-third of the net profits; that on or about May 24, 1929, Cahill disposed of said property, but that plaintiff had no knowledge of such disposal until June 25, 1931; that thereafter, on November 10, 1931, plaintiff filed his creditor's claim against the estate of Patrick Cahill, deceased. The prayer of the complaint is that defendant be required to account for the proceeds of said sale and the profits arising from the operation of said property. The answer and the amendment thereto deny the allegations of the complaint and allege that on March 15, 1918, plaintiff had executed his deed to said Cahill for all his interest in said property and had given his receipt for all sums owing to him by Cahill on account of his interest in said property.

It thus clearly appears from the facts alleged that the action is one to declare a trust and for an accounting, and that therefore the issues presented for trial are in their nature equitable. That being so, a trial by jury was not a matter of right (*Dean* v. *Midland Farms Co.*, 96 Cal. App. 214 [274 Pac. 71]; *Nason* v. *Shinjo*, 72 Cal. App. 530 [237 Pac. 559]; *Cauhape* v. *Security Sav. Bank*, 127 Cal. 197 [59 Pac. 589]); and no appeal lies from the order granting the new trial.

Defendant contends that the question of whether the issues in an action are in their nature legal or equitable must be determined "from the facts of the particular case" as well as from the pleadings, and that inasmuch as the reporter's transcript containing the evidence adduced at the trial was not on file herein at the time the motion to dismiss was presented, said motion was premature. The case of *Bettencourt* v. *Bank of Italy etc. Assn.*, 216 Cal. 174 [13 Pac. (2d) 659], and rules V and VI of the Supreme Court and the District Courts of Appeal are cited in furtherance of such contention. There is no merit in the point. An examination of the opinion in that case will show that the clause "and the facts of a particular case", as used therein and upon which defendant seems to rely means the facts alleged in the pleadings (*Davis* v. *Judson, supra*), not those adduced at the trial. In other words, the substance of what was there said was that in determining whether an action is legal or equitable, and consequently whether trial by jury is a matter of right, the court is not bound by the

form of the action, but rather by the nature of the rights involved as they appear from the facts alleged in the pleadings. Obviously, to adopt the theory advanced by defendant in the present case would lead to absurd results, because it would require a trial court to try an action on the merits before it could determine whether the parties thereto were entitled as a matter of right to a jury trial. Nor do the rules of court above cited give the slightest support to defendant's contention that the motion is prematurely presented. The subject matters dealt with therein are entirely foreign to the character of motion here involved.

For the reasons stated the motion is granted and the appeal dismissed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 31, 1934.